STATE v. JAMES KELLEY.

*Meaning of the word Intoxicated, as used in § 10, ch. 94, of the Gen. Sts. Sufficiency of Record on Appeal, and Effect of Going to Trial thereon.*

The word *intoxicated* is used in § 10, ch. 94, of the Gen. Sts., in its common and ordinary signification, and means *intoxicated on spirituous liquor;* and a complaint under that section, charging that the respondent "became and was found intoxicated," is sufficient, without alleging upon what he became intoxicated.

The respondent, complained of under said section, appealed, and filed a record in the county court, which recited that the grand juror complained that the respondent, at a time and place named, "became and was found intoxicated, contrary," &c. The respondent went to trial by jury on the plea of not guilty. *Held,* that the record sufficiently showed what the complaint was; that the respondent, being the appealing party, and having entered his appeal and taken a trial on the complaint shown by the record, must be held to have no wider scope under a motion in arrest, than he would have had upon a demurrer interposed before plea and trial.

This was a grand juror's complaint under § 10, ch. 94, of the Gen. Sts., appealed to the county court. The justice's record recited " that at a justice's court held at Colchester, in and for the county of Chittenden, on the 8th day of February, 1873, before A. O. Hood, a justice of the peace for said county, James Kelley, of Burlington, in said county, was brought to answer to a complaint exhibited to said justice by James C. Platt, grand juror for the town of Colchester aforesaid, who complains that James Kelley, of Burlington, in said county of Chittenden, on the 11th day of January, 1873, at Colchester aforesaid, became and was found intoxicated, contrary," &c. Plea, not guilty, and trial by jury, April term, 1874, PIERPOINT, Ch. J., presiding. Verdict of guilty. The respondent moved in arrest of judgment, for that it was not alleged in the complaint that the respondent was found intoxicated by the use of intoxicating liquor, nor upon what he became intoxicated, if upon anything. The court overruled the motion, and adjudged the complaint sufficient; to which the respondent excepted.

*R. H. Start,* for the respondent.

The pretended complaint in this case is fatally defective for the following reasons; it is not a complaint, but a mere record of a

past transaction; it does not appear what the complaint was about, or whether it was a civil or criminal complaint; nor does it appear that the complaint was against the respondent, but he was brought to answer to a complaint, whatever it was; nor does it appear when the complaint was exhibited, or whether it was verbal or written; nor that it was for intoxication. It appears that the grand juror complained that the respondent became and was found intoxicated on January 11th, 1873; but it does not appear to whom or when he complained.

But if this be held a criminal complaint, in which it was intended to charge the respondent with the crime of intoxication, it does not set out and charge the offence with sufficient certainty and particularity. When the words of the statute are descriptive of the offence, as a general rule, it is sufficient to charge the offence in the very language of the statute; but when the words, by their generality, embrace within their literal terms, cases which are not within their intent and spirit, then it is necessary to go beyond the words, and set out all the circumstances and ingredients in the offence, that it may appear that the respondent comes within the intent and spirit of the statute. *State* v. *Goulding*, 44 N. H. 287; *Commonwealth* v. *Slack*, 19 Pick. 307; *Commonwealth* v. *Collins*, 2 Cush. 566; *Commonwealth* v. *Bean*, 14 Gray, 52; Bishop Crim. Pract. § 369 *et seq.*

The language of the statute under which the respondent was convicted, by its generality, embraces all cases of intoxication by whatever cause produced. Yet it is clear from other portions of the statute, that it was only intended to embrace cases of intoxication produced by the voluntary drinking of intoxicating liquor; and hence, to bring the respondent within the statute, it should have been averred that he became intoxicated by the voluntary drinking of intoxicating liquor. Without such an averment, it cannot appear upon the face of the complaint that a crime has been committed. For want of such averment the complaint is fatally defective. Cases *supra*. But the complaint does not comply with the rule that requires the offence to be set forth in the language of the statute—it does not charge the offence in the language of the statute. A defective description of the offence is

equally fatal on a motion in arrest of judgment as upon a demurrer. *State* v. *Gove*, 34 N. H. 510.

*R. P. B. Hewitt*, state's attorney, for the state.

In the county court the respondent went to trial by jury on a copy of the justice's record, a certified copy of the original complaint not having been sent up or filed in the county court. Having gone to trial on such copy, without objection thereto, and no objection being made to the complaint before the justice by demurrer or motion to quash, no formal defect in either can avail the respondent in this court. Laws of 1870, No. 5, § 1.

In indictments and complaints for misdemeanors created by statute, it is sufficient to charge the offence in the words of the statute. *State* v. *Paddock*, 24 Vt. 315; *State* v. *Pierce*, 27 Conn. 319; *United States* v. *Mills*, 7 Peters, 138.

The opinion of the court was delivered by

BARRETT, J. It is familiar to the profession, that the language used in statutes *penal* as well as others, is to have its ordinary meaning, unless it appears to have been used, or that it might have been used, in a different meaning. It needs no discussion or illustration to show that when it is said that a man is intoxicated, the meaning is, that his condition has been produced by the drinking of intoxicating spirituous liquor. No additional word or expression is used or needed, to convey the full and unambiguous idea. Whenever any other idea is intended to be conveyed by the term *intoxicated*, or its equivalent, *drunk*, other words are always used, and are necessary to be used. It is sometimes said that a person is intoxicated or drunk with opium, or with ether, or with laughing-gas. But it is always felt and understood that such is an unusual and forced use of the words *intoxicated*, *drunk*, and the addition to them is needful in order to prevent misapprehension of the sense in which those words are thus used. We doubt not that the word *intoxicated* is in fact used in its common meaning and acceptation in the statute in question. There is, then, no need of any addition to the word when used in the complaint, in order fully, explicitly, and exclusively to indi-

cate the crime defined and meant by the statute, as the one made the subject of the prosecution instituted by that complaint. The rules of law as to complaining in the terms of the statute, and in some cases rendering it necessary to go beyond such terms, are as claimed by respondent's counsel, and shown by the text-books and cases cited. This case is in conformity with those rules, and the complaint is sufficient in that respect.

The record sufficiently shows what the complaint was. If the appellant had deemed it material to have a copy of the original process filed in connection with the copy of the justice's record, in order to the lawful entry of his appeal in the county court, it was his province to have procured and filed it. He, being the appealing party, and having entered his appeal in the county court, and taken a trial on a plea of not guilty on the complaint shown by the record, must be held to have no wider scope under his motion in arrest, than he would have had under a demurrer, if it had been interposed before pleading not guilty and trial thereon.

If respondent, before pleading and trial, had suggested a diminution of the necessary copies, by reason of the absence of a copy of the original process, the court might have given leave or made an order to have the omission supplied. We see no occasion for further remark.

Exceptions overruled, and judgment affirmed.