THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* KARL (CARL) KOCH, JR., Appellant.

Second Department, April 16, 1937.

Jacob W. Friedman, for the appellant.

John H. W. Krogmann, Assistant District Attorney [Charles P. Sullivan, District Attorney, with him on the brief], for the respondent.

TAYLOR, J. The appellant was convicted of a misdemeanor because of an alleged violation of the Vehicle and Traffic Law, section 70, subdivision 5, in that he operated a motor vehicle upon a public highway while in an intoxicated condition. The undisputed proofs demonstrate that he was not guilty. He did not operate the motor vehicle while in an intoxicated condition within the meaning of the statute, reasonably construed. The statute contemplates voluntary intoxication. For medicinal purposes and to relieve headaches resulting from a fractured skull, the appellant took a drug known as luminol in liquid form, upon a physician's prescription. Inadvertently he indulged in an overdose thereof. This had an intoxicating effect upon him. The statute contemplates only voluntary intoxication resulting from imbibing alcoholic liquors or the voluntary taking into the system of other intoxicating agents; and not the condition from which the appellant was suffering, induced by the drug. Cases in this State show that intoxication which results from imbibing alcoholic liquor is within the purview of the statute. (People v. Weaver, 188 App. Div. 395; People v. Bosch, 223 id. 771; People v. Betts, 142 Misc. 240; People v. Merna, 233 App. Div. 739.) The educational definition of intoxication accords with this view. (Century Dictionary.) This construction obtains in a number of other jurisdictions. (State v. Yates, 132 Iowa, 475, 478; 109 N. W. 1005; Yazoo & M. V. R. Co. v. Davidson, 106 Miss. 108, 115; 63 So. 340; Elkin v. Buschner, [Pa.] 16 A. 102, 104; Wadsworth v. Dunnam, 98 Ala. 610; 13 So. 597; T. & F. S. R. Co. v. Frugia, 43 Tex. Civ. App. 48, 53; State v. Kelley, 47 Vt. 294, 296; Ring v. Ring, 112 Ga. 854; 38 S. E. 330.)

We may take judicial notice of the circumstance that the Legislature intended to relieve persons on the highway of the menace of automobile drivers intoxicated by alcoholic beverages. The statute must be read in the light of conditions existing at the time of its passage and construed as the courts would have construed it soon after its passage. (People v. B. R. R. Co., 126 N. Y. 29, 37.) In

construing it, the language of the statute and such historical and other facts as are within the scope of judicial cognizance are ordinarily the only guides. (*People* v. *Stephens*, 71 N. Y. 527, 537.) A thing which is within the intention of the makers of the statute is as much within the statute as if it were within the letter; and a thing which is within the letter of the statute is not within it unless it be within the intention of the makers. (*Riggs* v. *Palmer*, 115 N. Y. 506, 509.) There should be rational interpretation in this case. (Id., citing Rutherforth Institutes, p. 407.) Our ruling must be confined to the facts here presented. The term " intoxication " includes also the condition produced by excessive use of agencies other than alcoholic liquor, when they are taken voluntarily. (*Ring* v. *Ring, supra; Commonwealth* v. *Detweiler*, 229 Penn. St. 304; 78 A. 271.) It does not include, however, the condition of the appellant shown by the undisputed proofs.

The judgment of conviction should be reversed on the law, the complaint dismissed, and the fine remitted.

HAGARTY, CARSWELL and JOHNSTON, JJ., concur; LAZANSKY, P. J., concurs in result.

Judgment of conviction by a city magistrate, holding, by consent, a Court of Special Sessions of the City of New York, Borough of Queens, reversed on the law, complaint dismissed, and fine remitted.