John **SHELBURNE**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14615.

Court of Criminal Appeals of Oklahoma.

Oct. 9, 1968.

Garrett & Strumbaugh, Mangum, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., Paul C. Braun, Dist. Atty., Dist. No. 3, for defendant in error.

BRETT, Judge.

Plaintiff in error, John Shelburne, hereafter referred to as defendant, was charged by information in the County Court of Kiowa County with the crime of driving a motor vehicle while under the influence of intoxicating liquor, on November 30, 1966; he was found guilty by a jury, which assessed his punishment at imprisonment in the county jail for one year, and payment of a fine of three hundred dollars ($300.00). Defendant's motion for new trial was overruled and on October 20, 1967, judgment and sentence was passed, from which this appeal has been perfected.

Defendant argues his appeal under two propositions in his brief. First, that at the time of the alleged offense, the defendant was a chronic alcoholic, and as such may not be held criminally liable for an offense, an element of which is drunkenness. Second, the judgment and sentence of the County Court of Kiowa County was excessive for a first offense, considering the surrounding circumstances, and should be reduced.

■ Defendant urges his first proposition under the decision of the United States Courts of Appeals, Fourth Circuit, Driver v. Hinnant, 356 F.2d 761, but such argument fails insofar as subsequent to that decision the United States Supreme Court rendered its decision in Powell v. State of Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968). In that decision the Supreme Court upheld the conviction of Powell for public drunkenness, whom the evidence showed to be a chronic alcoholic and who was to some degree compelled to drink; it was also held that Powell's conviction and punishment did not amount to cruel and unusual punishment.

■ With reference to defendant's second proposition, the sentence imposed on defendant was less than the maximum provided by the statute. Also considering the surrounding circumstances of this case, we fail to see that the sentence imposed is excessive. We observe also, that the factual situations of the cases cited by defendant, wherein the sentences were reduced, were not aggravated as in this case.

We are therefore of the opinion this case should be, and the same is therefore, affirmed.

Affirmed.

NIX, P. J., and BUSSEY, J., concur.