Rockwell D. Colaneri, J.
The defendant is charged with the crime of driving while intoxicated, a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law. The defendant denies the allegations of the information and raises the affirmative defense of entrapment.
. At about 11:00 p.m. on February 1, 1972, the defendant and two of his friends, Tom Murphy and Ken Brady got together and visited a bar in Northport, New York. After spending some time there, and after both defendant and Tom Murphy had done some beer drinking, it was decided that the three young men would repair to the “ Jack in the Box ” located on Deer Park Avenue and.Wicks Road in the Township of Babylon for something to eat. They arrived at the “ Jack in the Box ” shortly before 2:47 a.m. of February 2,1972.
The arrangement of the establishment is such that as one drives into the restaurant property a microphone is located at the entrance into which the driver or customer gives his order.
When they arrived at “ Jack in the Box ” Ken Brady (to quote the defendant) “ got erratic ” and used some strong language directed towards the manager who refused to serve the three. Shortly after this encounter, two or three police cars arrived, and the disturbance was quelled. One of the police officers asked who was driving the car, and when the defendant indicated that it was he, the defendant was asked for his license and registration which were produced. At this point, there is *221 a divergence of the account of what happened. The defendant submitted evidence indicating that one of the police officers instructed his friend, Tom Murphy, to drive away, and that another police officer countermanded this order, and instructed defendant to drive away. None of the three police officers who testified recalled any conversation concerning these conflicting police commands.
The defendant then exited from the restaurant property and was apprehended by two police officers who were in two separate police cars. The defendant was stopped on Deer Park Avenue either 100 to 150 feet south of the restaurant (defendant’s contention) or 900 feet south of the restaurant (People’s contention).
The first issue to be resolved, of course, is to determine if, in fact, there was an entrapment of the defendant.
After a careful review of all the testimony and of all the evidence in this matter, the court finds that there was no entrapment and the court strikes the affirmative defense of entrapment.
The definition of entrapment is contained within the statute itself (Penal Law, § 35.40). Assuming arguendo, that all of the testimony of defendant’s witnesses was absolute truth, and included in this assumption are the conflicting orders of the two police officers, the court does not find that the police officers sought ‘ ‘ to obtain evidence against him for purpose of criminal prosecution, and when the methods used to obtain such evidence were such as to create a substantial risk that the offense would be committed by a person not otherwise disposed to commit it ” (§ 35.40).
Although the defendant cannot be charged with any violation of law committed prior to his entering the restaurant property, the fact is that he was driving prior to his entering the restaurant property (there is no dispute to this fact), and he drove when he left the restaurant. The offense in the instant case is a continuing one and the police officers did nothing to induce the defendant into committing the act. The defendant was a person on the morning of February 2, 1972 who would have otherwise committed the act. He needed no help from the police officer. Thus, the court finds that there was no entrapment. (People v. Williams, 38 Misc 2d 80; People v. Chambers, 56 Misc 2d 683, 685, ‘ ‘ the test is where the criminal intent originated. If it was with the law officials, and the accused is lured into the commission of the crime, the defense is clearly available. However, one who is predisposed, because of a regular *222 course of illegal conduct, to commit a given crime, does not have the benefit of the defense.”)
The court must next determine if, in fact, the defendant was driving while intoxicated. Section 1196 of the Vehicle and Traffic Law provides that: ‘‘ A driver may be convicted of a violation of subdivisions one, two or three of section eleven hundred ninety-two, notwithstanding that the charge laid before the court alleged a violation of subdivision two or three of section eleven hundred ninety-two, and regardless of whether or not such conviction is based on a plea of guilty.”
The defendant was charged with a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law. It is alleged in the information that the defendant had .22 of one percentum or more by weight of alcohol in his blood at the time of the occurrence. No evidence, however, of any chemical, blood, breath or urine test was introduced during the course of the trial. Thus, the defendant will be convicted of either subdivisions 1 or 3 of section 1192 of the Vehicle and Traffic Law, or acquitted on the observations of Officers Wild and Bongiovi, alone.
From the testimony of the two officers it appears to the court that the defendant was not intoxicated at the time of the incident, but that defendant operated his automobile with a degree of impairment, only. When the defendant exited from the restaurant parking area, he drove his automobile in a southerly direction on Deer Park Avenue and then made a U-turn in a reasonable manner and then drove north for a distance of 150 feet or 900 feet. The U-turn was made at a point in the highway which permitted .such a maneuver.
When asked to do some physical tests at the precinct, such as walk a straight line, touch his nose, repeat words and write certain words, the defendant’s performance was rated by the police officers as “ fair
The only competent evidence before this court indicating intoxication is that defendant staggered when he walked, his eyes were glassy and he had a smell of an alcoholic beverage on his breath. The fact that it took the defendant some time “thumbing” through his wallet to find his license and registration does not impress the court that this is a symptom of intoxication. Any person who is stopped by a police officer at 2:47 a.m. on a public highway would have difficulty finding a license and registration in amongst his credit cards and other documents contained in his wallet. The fact that a person is *223 questioned by a police officer is enough to cause any person a certain degree of nervousness. It is a natural human reaction.
After a careful review of all the evidence, the court finds the defendant guilty of operating a motor vehicle while his ability to drive an automobile is impaired by the consumption of alcohol, a violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law, which is an infraction, not a misdemeanor.
The defendant will appear in the Traffic Part of the First District Court at 2:00 p.m. on 1Á „ 11, 1972 ready for sentence. The defendant is also instructed to have his operator’s license with him.