Ralph Diamond, J.
The defendant is charged with a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law, operating a motor vehicle while in an intoxicated condition.
The arresting officer, Patrolman Hauck, testified that the defendant admitted to him at the scene of the accident that while driving a motor vehicle he struck the rear of a parked vehicle. He further stated that based upon his observation of the defendant and the smell of his breath, he reached the opinion that the defendant was intoxicated and therefore arrested him.
Officer McCormick, of the Central Testing Bureau, testified that he asked the defendant to take a blood test but defendant refused. He further stated that based upon his observation of the defendant, the smell of his breath, and the answers of the defendant to his questions, he reached the opinion that the defendant was intoxicated at the time he observed him, which was approximately one hour after the accident.
The defendant testified that he refused to take the blood test when asked by the police. He also testified that he was shaky, his speech was slurred, and he did lean upon objects for support as described by the police officers. However, he claims that these acts were the result of an injury sustained while diving into a swimming pool, which injury was later aggravated by the automobile accident. He testified that for about a three- or four-hour period prior to the accident, he consumed two beers and a small amount of scotch. However, he vigorously denies that he was intoxicated or his ability to operate a motor vehicle was in any way impaired. His testimony was that the accident was caused by his negligence and not by any consumption of alcoholic beverage.
Dr. Josephs, a witness called by the defendant, testified that on June 6,1973, a day after the accident, he examined the defendant and found that he was suffering from a cerebral concussion and broken ribs. The defendant also produced his wife and two friends as witnesses.
The defendant places great emphasis on the fact that the People’s case is based upon circumstantial evidence. He points out that no blood test result was offered into evidence by the People. The court finds that this argument has no merit. The Court of Appeals of this State has consistently held that a case can be proved by circumstantial evidence provided certain guidelines are met.
The Supreme Court has ruled in Schmerber v. California (384 U. S. 757), that there'are no constitutional rights or privileges to prevent a State from compelling a person, suspected of driv *633 ing while intoxicated, to submit to a blood test. New York State permits a defendant a “ right ” of refusal to take a blood test at the risk of having his license revoked. (Vehicle and Traffic Law, § 1194, subd. 2.)
The question raised by the defendant is whether a defendant having refused to take a blood test seeks during the trial to downgrade the proof offered by the People by claiming it is only circumstantial. The court will not permit the defendant to first prevent a blood test from being taken and later be heard to complain on the trial that the test results that could have been produced into evidence were not produced by the People. The People are not required to offer in evidence something that does not exist.
The court agrees with the opinion written by Judge Jasen, in People v. Paddock (29 N Y 2d 504, 506) in which he states: “ It should be quite obvious that the primary reason for a refusal to submit to a chemical test is that a person fears its results.”
The People, in order to convict the defendant of the crime of driving while in an intoxicated condition, must prove beyond a reasonable doubt that the defendant, at the time and place alleged in the complaint, had consumed sufficient alcoholic beverage to render him intoxicated at the time of such motor vehicle operation.
The defendant has admitted the other necessary element of proof in the crime, to wit: that he did operate a motor vehicle at the time and place alleged in the complaint.
The court has reviewed all the testimony, documents, photographs admitted into evidence and finds the following:
That the defendant did sustain an injury while diving into the swimming pool. However, the court finds that the defendant did not sustain a cerebral concussion as a result of this pool accident. The court finds it incredible that the defendant could have participated, after the pool accident, in the activities testified to by the defendant and his witnesses if, in fact, he was suffering from a concussion.
As to the question of whether the People met its burden of proof beyond a reasonable doubt, the court states the following:
To prove intoxication, the law does not require any particular test. Intoxication may be proved by opinion evidence, if believed and provided it is based upon such facts and observations of the defendant as to warrant the conclusion of the opinion.
The court finds that it has reasonable doubt that the defendant had consumed sufficient alcoholic beverage to render him intoxicated at the time of such motor vehicle operation.
*634 The court therefore finds the defendant not guilty of the crime of a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law.
However, I do find beyond a reasonable doubt that his ability to operate a motor vehicle at the time and place alleged in the complaint was impaired by the consumption of alcohol.
By the authority contained in section 1196 of the Vehicle and Traffic Law, I find the defendant guilty of a violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law.