Joseph F. Cagliardi, J.
This appeal raises the interesting question whether a person may be convicted under subdivision 1 of section 1192 of the Vehicle and Traffic Law, which proscribes operation of “ a motor vehicle while his ability to operate such motor vehicle is impaired by the consumption of alcohol ’ ’, where the uncontroverted proof establishes that the impairment was caused by either use of medication or a combination of the use of medication and the results of the accident. On March 14, 1973, defendant was convicted under said statute upon a decision after a nonjury trial.
On July 4, 1972, during the early evening hours, defendant’s vehicle collided with another automobile on New York Avenue in Suffolk County. Defendant brought his vehicle to a halt *264 .approximtely 600 feet from the point of impact. Two police officers who arrived at the scene shortly after the accident stated that defendant’s speech was slurred, on exiting from his car he leaned upon the vehicle and his breath smelled of alcohol. When informed of the accident defendant stated “You must be kidding, I didn’t have any accident.” Both officers stated that in their opinion defendant was not in control of his capabilities. Defendant was taken to his own physician’s office and his doctor advised him not to have a blood test in view of the medication defendant was' taking. No chemical tests were performed but the record is not clear whether defendant refused to take a test or whether the doctor declined to administer it. By way of an information, defendant was thereafter charged with violation of subdivision 3 of section 1192 [driving while intoxicated] and section 600 [leaving the scene of an accident] of the Vehicle and Traffic Law. A motion made at the conclusion of the trial to dismiss the latter charge was subsequently granted.
Throughout the trial defendant contended that his impairment was caused by medication. Defendant suffers from an arthritic condition of the cervical spine and both knees. On July 1, 1972, his personal physician prescribed a drug, Butazolidin Alka, to alleviate defendant’s pain. The prescription was filled on the same day in the form of 15 tablets consisting of 100 milligrams per tablet. Defendant was instructed to take 2 pills daily but was not advised regarding potential adverse side effects that the medication might, induce.
Through expert testimony of two physicians it was established that Butazolidin Alka is an “ anti-inflammatory agent ’ ’ sometimes used for treatment of• arthritis. However, its use is limited because scientific tests have proved that approximately 40% of the persons using said drug have severe orientation problems. The adverse side effects that the drug has been found to cause include a “confusional state,” lethargy, vertigo, unsteadiness afoot, blurred vision and possibly even slurred speech. The drug has a “half life ” interval of 36 to 72 hours which means that one half of its dosage remains in the central nervous system so that potential adverse effects might not occur until' the fourth or fifth day of continual medication. An average dosage of 2 tablets per day could cause the side effects mentioned above. The experts stated that a physician prescribing Butazolidin Alka should warn the patient not to drive an automobile. One of. the expert witnesses, Dr/ Heilman, testified that Butazolidin is not one of the drugs specified in the then applicable section of the Vehicle and Traffic Law (§ 114-a).
*265 Defendant testified that he had no recollection of the events regarding the accident. Prior to July 1,1972 he had never taken the medication Butazolidin but on that day through July 4,1972 he took two tablets daily. On July 4, 1972 he took his second pill at dinner and then went to a cocktail party where he remained approximately two hours, during which time he consumed two normal .size beverages consisting of Scotch and soda. The accident occurred shortly after defendant departed from the party. Defendant further stated that his physician failed to warn him about the potential side effects of the medication and, in fact, he experienced no adverse effects prior to July 4,1972.
The parties stipulated that at the time .of the accident defendant was 58 years of age, 6 foot 2 inches in height, and weighed 220 pounds. Defendant’s expert witnesses both testified that defendant could-not have become intoxicated from the two. drinks he consumed. One witness, Dr. Kantor, stated that the effects exhibited by defendant at the scene of the accident were caused by shock and the medication.
Upon the above proof the court adjudged defendant guilty of violating subdivision 1 of section 1192 of the Vehicle and Traffic Law, which is ,a traffic infraction (Vehicle and Traffic Law § 1800, subd. [a]). On March 23, 1973, defendant was fined $50 and his driver’s license suspended for 60 days. Sentence has been stayed pending disposition of the appeal.
On this appeal defendant relies upon the landmark decision in People v. Koch (250 App. Div. 623) .and argues that an operator may not be convicted of impairment by reason of alcohol where the proof establishes an accidental overdose of medication. The People argue that sister-State jurisdictions have passed on the issue raised and hold that the use of medication is not a defense to driving while impaired. The People further assert that the proof is sufficient to justify the conviction.
■Subdivision 3 of section 1192 of the Vehicle and Traffic Law provides that “ No person shall operate a motor vehicle while he is in an intoxicated condition.” Violation of the cited statute is a misdemeanor (Vehicle and Traffic Law, § 1192 [subd. 5]). The quoted language emanates from the predecessor statute, subdivision 5 of section 70 of the Vehicle and Traffic Law (L. 1933, ch. 290), and was construed in the leading case of People v. Koch (250 App. Div. 623, supra). In Koch the defendant inadvertently took an overdose of the drug Luminol which had been prescribed for him and was convicted of operating his vehicle while in an intoxicated condition. The Appellate Division, Sec *266 ond Department, unanimously reversed and held that the statutory interdiction applied .only in cases of- voluntary intoxication and did not encompass a mistaken overdose of a medicinal drug. However, the court further stated (p. 625) that “the term intoxication ’ includes also the condition produced by excessive use of agencies other than alcoholic liquor, when they are taken voluntarily. ’ ’
Oases of involuntary intoxication are virtually nonexistent ( see Shelburne v. Slate, 446 P. 2d 56 [Okla. Crim. App.]; Salzman v. United States, 405 F. 2d 358 [C.A., D.C.]; Hall, “ Intoxication and Criminal Responsibility, ’ ’ 57 Harv. L. Rev. 1045, 1056 [1944]; 4a N. Y. Jur., Automobiles and Other Vehicles, § 624; cf. State v. Brown, 38 Kan. 390).[1] The Koch rationale has been applied in other cases in this State and the rule may be summarized as follows: an operator of a motor vehicle may not be convicted of operating the vehicle in an intoxicated condition where the condition was caused by an overdose of a medicinal drug, although the drug was taken in combination with the consumption of liquor (People v. Butts, 21 Misc 2d 799; see People v. Migneault, 25 A D 2d 697 [especially request to charge contained in record on appeal, 3d Dept., which was approved by the Appellate Division]; Ann. 142 A. L. R. 555, 561-562 ‘ ‘ Driving While Intoxicated — Degree ”).
In 1966 section 1192 of the Vehicle and Traffic Law was amended by L. 1966, ch. 963, which added a new subdivision (now subd. 4) and provided that no person shall operate a motor vehicle while his ability to operate .same ‘ ‘ is impaired by the use of a drug as defined in this chapter ”. The legislation also added new section 114-a of the Vehicle and Traffic Law which defined the term drug as including either a depressing, hallucinogenic, narcotic or stimulant drug.[2] It has been held that, where the drug involved is not included in the statutory definition, no conviction under the drug-impairment subdivision may be obtained (People v. Cheperuk, 74 Misc 2d 498; People v. Wiley, 59 Misc 2d 519; cf. People v. Calcasola, 76 Misc 2d 39). At bar, it is to be noted that Butazolidin is not included in section 114-a and the testimony established that its chemical properties would not fall within the statutory classifications.
*267 Section 1196 of the Vehicle and Traffic Law authorizes a conviction under subdivision 1 of section 1192 where the charge is a violation of subdivision 2 (operating a motor vehicle while driver has .10 per centum of alcohol in blood) or 3. In essence section 1196 implies that impairment under subdivision 1 of section 1192 is a lesser offense of the charge of intoxication (see 1966 Atty. Gen. [Inf. Opns:] 92; CPL 300.50; 1 Marks and Paperno, Criminal Law in N. T. under the Revised Penal Law, § 650). Of course, impairment is considered a less serious crime (under subdivision 1 of section 1192 but not under subdivision 4) where conviction may be obtained on proof of a lower degree of1 intoxication than is otherwise required (People v. Herzog, 75 Misc 2d 631; People v. Kaeppel, 74 Misc 2d 220).
Driving while intoxicated is a distinct offense, separate from other crimes in the Vehicle and Traffic Law. that may emanate from the same act (People v. Kenda, 3 A D 2d 80). Violation of subdivisions 2 and 3 of section 1192 constitutes separate offenses (People v. Rudd, 41 A D 2d 875; People v. Meikrantz, 77 Misc 2d 892; People v. Evans, 75 Misc 2d 726, affd. by App. Term, 2d Dept., 79 Misc 2d 130). However, no reported decision in this State holds that a conviction under subdivision 1 of section 1192 may include impairment solely by reason of the intake of drugs.
It must be emphasized that the alcohol-impairment provision was enacted in 1960 (L. 1960, ch. 184). Koch (250 App. Div. 623, supra) which was decided in 1937, construed the phrase ‘ ‘ intoxicated condition ’ ’ and exonerated the operator who inadvertently took an overdose of drugs. The court in People v. Butts (21 Misc 2d 799) did likewise despite evidence of drinking. Other jurisdictions which have faced analogous situations have generally concluded that one may be convicted of driving while “ intoxicated ” where the proof established consumption of drugs and alcohol (7 Am. Jur. 2d, Automobiles and Highway Traffic, § 258; Ann. 17 ALR 3rd 815, 822-824 “Automobiles — Hse of Drugs”; cf. Babbitt, Motor Vehicle Law, § 819 [1933 ed.]). Thus, it has been said that “ a person who consumes an intoxicant along with medication, does so at his own peril ” (City of Waukesha v. Godfrey, 41 Wis. 2d 401, 406). Convictions upon charges of driving while intoxicated by reason of consuming liquor have been sustained upon proof that the combined effect of taking drugs and alcohol made the driver more susceptible to the effects of liquor (State v. Glynn, 20 N. J. Super. 20; Commonwealth v. Rex, 168 Pa. Super. Ct. 628; Kessler v. State, 136 Texas Cr. Rep. 340). Interestingly, one *268 jurisdiction has held that only one crime is committed where the driver operates the vehicle while under the influence of drugs and alcohol and an acquittal on the sole charge of operating while under the influence of liquor bars a second trial on a charge of driving while under the influence of drugs (Commonwealth v. Bishop, 182 Pa. Super. Ct. 151).
Our statutory scheme differs from that of the States in which the above decisions were issued. In New York the phrase ‘ ‘ intoxicated condition ’ ’ can include intoxication by reason of a combined consumption of alcohol and drugs (People v. Koch, 250 App. Div. 623, supra). Section 1196 of the Vehicle and Trafile Law permits conviction under subdivision 1 of section 1192 upon a charge of driving while intoxicated. Therefore, it seems that one may be convicted of driving while ‘ ‘ impaired by the consumption of alcohol ” (Vehicle and Traffic Law, § 1192, subd. 1) where the proof establishes consumption of drugs and alcohol upon a charge of driving while in an “ intoxicated condition ’ ’ (subd. 3). Seemingly, Koch is consistent with present legislation, since the greater offense of intoxicated driving must include the lesser offense of impairment as set forth in subdivision 1 of section 1192. However, the statute has not overruled the Koch holding that the term “ intoxicated condition ” does not include an inadvertent overdose of drugs. (Of. Uniform Vehicle Code, § 11-902.1.) It is a cardinal principle of construction that a statute, penal in nature, as section 1192 of the Vehicle and Traffic Law is, must be strictly construed and its scope is not subject to extension to cover cases not clearly within the expressed legislative intent (People v. Strauss, 260 App. Div. 880). Thus, even if, as here, there is proof of combined intake of drugs and alcohol, our inquiry narrows down to whether one may be convicted of impairment by reason of alcohol where the uncontroverted proof establishes impairment by reason of taking drugs.
The quality of evidence remains virtually the same in charges of intoxication or impairment. The People must prove that by reason of the impairment the defendant was incapable of operating the motor vehicle in a prudent and cautious manner (cf. People v. Weaver, 188 App. Div. 395; People v. Bevilacqua, 12 Misc 2d 558; People v. Davis, 270 Cal. App. 2d 197) and that the impairment was voluntarily induced (People v. Koch, 250 App. Div. 623, supra). The burden of proof remains with the prosecution throughout and, where two or more reasonable inferences may be made, one consistent with defendant’s innocence, the People have failed to sustain their burden (People *269 v. Guilford, 20 A D 2d 192; People v. Butts, 21 Misc 2d 799, supra). Absent credible evidence to support the determination of guilt by the trier of facts, the conviction must be reversed (People v. Brewster, 252 App. Div. 877). Of course, as in other criminal cases, the burden of proof here required the People to establish their case beyond a reasonable doubt.
It does not appear from the record that the learned Judge below rejected defendant’s expert testimony and there surely was no basis for the court to do so (cf. PJI 1:90). Their testimony was clear, concise and unimpeached. ‘ ‘ Where * * * the evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities; nor, in its nature, surprising, or suspicious, there is no reason for denying to it conclusiveness ” (Hull v. Littauer, 162 N. Y. 569, 572). The unrefuted testimony at bar established that defendant’s impairment was caused by the drug Butazolidin, possibly in combination with the results of the accident; but was not attributable to the two alcoholic beverages consumed. Defendant’s uncontroverted testimony, that his physician failed to give him any warnings regarding use of the drug (see Lovett, “ Defense on Charge of Driving While Intoxicated ”, 19 Am. Jur. Trials, 123 173-174), would not instdate him from responsibility for other vehicular crimes, such as reckless driving (People v. Eckert, 2 N Y 2d 126; People v. Decina, 2 N Y 2d 133); but, under Koch (supra) it is important in determining the voluntariness of the conceded impairment.[3] Under all of the circumstances, we hold that the People have failed to sustain their burden of proof.
Accordingly, the judgment of conviction should be reversed on the law and the facts and the information dismissed (CPL 470.20).
*270 Hogan, P. J., and Pittoni, J., concur with opinion by G-agliardi, J.
Judgment of conviction reversed on the law and facts and information dismissed.

. In criminal law it has been recognized that intoxication is not a defense regarding responsibility for the commission of a crime (1 Wharton’s Criminal Law and Procedure [1957 ed.], § 44).

. The section was amended in 1973 (L. 1973, ch. 163) and the term drug is now defined as set forth in section 3306 of -the Public Health Law which contains a schedule of particular drugs that broadly fall under the former four statfit’Sry classifications.

. It has been said that the crime of driving while intoxicated is malum, in se and intent is not an element of the offense (3. Wharton’s Criminal Law and Procedure, § 990 [1957 ed.]; Babbitt, Motor Vehicle Law, § 814 [1933 ed.]). Other jurisdictions, as we have seen, have sustained convictions of driving while intoxicated upon proof of consumption of drugs and alcohol although the driver was unaware of the potency of the combination. However, in New York, an operator is guilty of driving while intoxicated only if his imbibing was done voluntarily. Consequently, where, as here, the proof falls short of establishing intoxication, one cannot be convicted of the lesser offense of impairment upon proof that shows that the impairment was caused by the intake of a drug not proscribed by section 114-a of the Vehicle and Traffic Law and without knowledge of its effects (cf. People v. Donaldson, 36 A D 2d 37; People v. Byrne, 65 Misc 2d 174 [App. Term, 2d Dept.]).