Memorandum. Judgment of conviction affirmed.
While we normally would have affirmed the conviction herein on the opinion of the court below (see People v. Calcasola, 76 Misc 2d 39), in view of our subsequent decision in People v. Van Tuyl (79 Misc 2d 262), clarification of the facts is necessary in order to demonstrate that the cases are distinguishable. In the present case, defendant was charged with driving while impaired by reason of drugs, to wit: methadone, in violation of subdivision 4 of section 1192 of the Vehicle and Traffic Law. In Van Tuyl, the defendant was charged with a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law (operation of a motor vehicle while in an intoxicated condition) *430 and eventually was convicted under subdivision 1 cf said section which deals with driving while impaired while under the influence of alcohol. Although the proof in Van Tuyl established impairment 'through use of a drug, the fact is that defendant by his own admission therein had imbibed alcohol as well as taken a drug. In the case at bar, the proof is clear that only a drug was consumed. In our view therefore, Vcm Tuyl, is not controlling especially since the drug conviction in Van Tuyl was obtained improperly under a section of the law which dealt with impairment due to alcohol, whereas in the case at bar, the information and subsequent conviction recited the proper statute.
The proof presented in the instant case included expert testimony both in behalf of the People and in behalf of the defendant. Both experts agreed that the normal use iof methadone would cause no impairment once the person’s dosage was stabilized but that an overdose could produce impaired behavior. On the day of defendant’s arrest, he was on his way to the methadone clinic to receive his dosage. He testified that his last dose was taken 24 hours previously. Under these circumstances, defendant’s behavior should not have been affected by the intake of the methadone. The testimony of the complainant and of the arresting officer was to the effect that defendant’s behavior was being affected by a drug, and therefore we believe it would be a fair and reasonable inference from the proof, that defendant had taken an overdose of a drug, thus producing the condition for which he was convicted.
Finally, as to public policy, we are not aware that public policy in a case such as this has been established. However, in our opinion, public policy or not, there has been a violation of the law for which defendant has been properly convicted. We perceive no adequate basis in law for overturning that conviction.