(724 P.2d 149)

No. 58,881

STATE OF KANSAS, *Appellee*, v. CHESTER P. ZITO, *Appellant*.

Petition for review denied November 13, 1986.

Opinion filed September 4, 1986.

*Forrest A. Buhler*, of Manhattan, for appellant.

*Greg Kieffer*, assistant county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRAZIL, P.J., TERRY L. BULLOCK, District Judge, assigned, and FREDERICK WOLESLAGEL, District Judge Retired, assigned.

BRAZIL, J.: Defendant appeals his conviction, after trial to the court, of driving under the influence contrary to K.S.A. 1985 Supp. 8-1567. He raises three issues on appeal.

First, he contends the officer did not have sufficient probable cause to arrest him. Actually, he is complaining that the officer did not have sufficient cause to stop his car. K.S.A. 22-2402(1) provides: "Without making an arrest, a law enforcement officer may stop any person in a public place whom he reasonably suspects is committing, has committed or is about to commit a crime and may demand of him his name, address and an explanation of his actions." Interpretation of this statute is subject to the Fourth Amendment searches and seizures clause of the United States Constitution. *State v. Epperson*, 237 Kan. 707, 710, 703 P.2d 761 (1985) (quoting *State v. Jackson*, 213 Kan. 219, 515 P.2d 1108 [1973]). It applies to stops of automobiles. See *State v. Hayes*, 3 Kan. App. 2d 517, 597 P.2d 268, *rev. denied* 226 Kan. 793 (1979). The United States Supreme Court has stated the cause required for an investigative stop of a car this way:

"[T]he essence . . . is that the totality of the circumstances—the whole picture—must be taken into account. Based upon that whole picture the detaining officers must have a particularized and objective basis for suspecting the partic-

ular person stopped of criminal activity. [Citations omitted.]" *United States v. Cortez*, 449 U.S. 411, 417-18, 66 L. Ed. 2d 621, 101 S. Ct. 690 (1981).

Thus, the officer only had to have a "particularized and objective basis for suspecting" Zito was intoxicated in order to stop him to investigate that possibility. The officer had that here once he observed Zito exit the Redwood Inn and stagger across the road and back. He did not arrest Zito until he had him perform the field sobriety tests and concluded he was intoxicated.

Next, defendant argues that the arresting officer had a duty to stop him from entering and driving his vehicle if the officer had probable cause to believe the defendant was intoxicated. He relies on *State v. McCorgary*, 224 Kan. 677, 585 P.2d 1024 (1978), which dealt with preindictment delay. In that case, the court quoted the test on this subject set out in *State v. Royal*, 217 Kan. 197, 202, 535 P.2d 413 (1975):

" '[T]wo questions must be considered in testing whether there has been an impermissible encroachment on due process rights: (1) Has the delay prejudiced the accused in his ability to defend himself, and (2) was the delay a tactical device to gain advantage over him? Affirmative answers to both questions need be supplied before it may be said that criminal charges should be dismissed.' " 224 Kan. at 683.

*McCorgary* is not applicable here at all. The problem there was a delay in charging a person with a crime once the State had enough evidence to do so, not a delay in charging him with one crime (public intoxication) which then permitted him to commit another. Likewise, the *Royal* test is inapplicable because it is concerned with loss of evidence for the defense or some other tactical advantage the State gains by delaying indictment. The defendant adds a citation that indicates a court must also consider whether the delays between incident and complaint and between complaint and arrest served any valid law enforcement purpose or interest of the public. See *Godfrey v. United States*, 358 F.2d 850 (D.C. Cir. 1966) (two-month delay between issuance of complaint and arrest held unreasonable, but two-month delay between incident and complaint held reasonable). He concludes that the officer allowed him to begin driving in order to charge him with the more serious crime of driving under the influence rather than a lesser charge of public intoxication. He argues that this delay was an attempt to entrap him.

We are not aware of any crime of public intoxication in Kansas since 1977 when K.S.A. 21-4109 (Weeks) was repealed. L. 1977, ch. 115, § 1. And while we would agree that, if circumstances

permit, the better law enforcement practice would be to attempt to prevent an intoxicated person from driving, we are not convinced from the record on appeal that the officer here had that opportunity. Assuming such an effort was made and assuming defendant had refused to heed the officer's request, he would then be subject to arrest for attempting to drive a vehicle while under the influence of alcohol which is a violation of the same statute and is not a lesser crime. In any event, we do not agree that the action or inaction of the officer constituted entrapment.

Finally, defendant argues that the court must go beyond a finding of blood or breath alcohol concentration of .10 or above, and find that there was evidence of impaired or erratic driving under K.S.A. 1985 Supp. 8-1567(a)(1). We disagree.

K.S.A. 1985 Supp. 8-1567(a) provides:

"No person shall operate or attempt to operate any vehicle within this state while:
"(1).The alcohol concentration in the person's blood or breath, at the time or within two hours after the person operated or attempted to operate the vehicle, is .10 or more."

The clear language of 8-1567(a)(1) makes the fact of driving with such blood or breath alcohol concentration a crime without any further showing being required. This interpretation has been followed in the new PIK Crim. 2d instruction based on the 1985 amendment to 8-1567(a)(1).

"The defendant is charged with the crime of operating or attempting to operate a vehicle while the alcohol concentration in (his) (her) blood or breath [at the time or within two hours after (he) (she) operated or attempted to operate the vehicle] is .10 or more. The defendant pleads not guilty.
"To establish this charge, each of the following claims must be proved:
1. That the defendant drove or attempted to drive a vehicle;
2. That the defendant, while driving [or within two hours after (he) (she) operated or attempted to operate the vehicle] had an alcohol concentration in (his) (her) blood or breath of .10 or more;
3. That this act occurred on or about the _____ day of _____, 19_____, in _____ County, Kansas.
As used in this instruction, the phrase 'alcohol concentration' means the number of grams of alcohol per (100 milliliters of blood) (210 liters of breath)." PIK Crim. 2d 70.01-A

See also Heinemann, *Legislation 1985*, 54 J.K.B.A. 157 (1985).

"Attempting to operate a vehicle with an 'alcohol concentration in the person's blood or breath' of .10 or more, as measured from samples taken within two hours after the person attempted to operate the vehicle is sufficient to result in a

■■■■■■

conviction. This is the per se violation most states are enacting. Simply put, it is against the law to drive with more than .10 alcohol in your blood, even though you could convince a jury you were driving safely." 54 J.K.B.A. at 164.

Affirmed.