STATE of Missouri,
Plaintiff–Respondent,

v.

Bill G. FLETCHER,
Defendant–Appellant.

No. 16412.

Missouri Court of Appeals,
Southern District,
Division Two.

June 7, 1990.

Motion for Rehearing or to Transfer to
Supreme Court Denied June 22, 1990.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Thad Burrows, Asst. Public Defender, Springfield, for defendant-appellant.

MAUS, Judge.

A jury found defendant Bill G. Fletcher guilty of driving while intoxicated, third offense. § 577.010. He was sentenced as a persistent offender to imprisonment for three years. § 577.023. He states one point on appeal. The following is a summary of the facts relevant to the disposition of that point.

Defendant and his brother, Raymond Fletcher, were traveling by automobile from Springfield, Missouri, to Pittsburgh, Kansas. Their route took them over Highway 160 in Dade County. West of Greenfield, the automobile overheated. Raymond pulled into the driveway of a farm house and stopped.

While in the driveway, the defendant and his brother got water for the radiator and to pour over the motor. Raymond got a man with a blue pickup and tried to jump start the automobile. Shortly after that a deputy sheriff drove by the farm house. The deputy knew the residents were gone. He stopped to investigate the automobile in the driveway.

He found the defendant in the driver's seat. When the defendant explained his presence, his speech was slurred. When he got out of the car, he staggered. From his actions and appearance, the deputy believed the defendant was drunk.

The deputy drove to a nearby side road east of the driveway where he could keep

the defendant's car in view. By radio, the deputy sought assistance from the Missouri Highway Patrol. After a brief time, a trooper arrived and discussed the situation with the deputy. The trooper then drove to a side road west of the driveway from where he could observe the defendant. Soon the defendant drove from the driveway and started west. In a short distance, the trooper stopped him. In the opinion of the trooper, the defendant was obviously drunk. His brother had passed out in the back seat.

The defendant admits he was drunk during this sequence of events. His defense is that he was entrapped into committing the offense of driving while intoxicated because the deputy ordered him to move the automobile. The testimony relative to this defense is vague. The defendant's testimony concerning the actions of the deputy is as follows.

"[A] ... He come up and talked to me a few minutes, asked me if we was having trouble. I told him, yes, the car was hot, it would not start. And he had me to try to start it in his presence, which I told him it wouldn't and it wouldn't. And he talked a few minutes and said we was going to have to move the car, get the car out of the driveway because we was blocking the driveway and those people would be coming in.

Q Okay. Did there come a time when you got the car started?

A Yes; about, I guess, thirty, thirty-five minutes later.

Q And did you drive it?

A Yes, I did.

Q And where were you going?

A I was trying to get on out of this county.

Q Okay. Did the deputy scare you when he told you to get it out?

A Well, I didn't want it towed in."

Raymond Fletcher's testimony was:

"Q Do you remember what, if anything, he said to you?

A No, not really. I can't honestly say it word for word.

Q Okay. Did there come a time—do you remember him having Billy start the car, try to start the car?

A Briefly, yeah. A little foggy, but I'd say yes.

Q And do you remember anything being said about the car being stopped and getting it out of the driveway?

A Well, I knew it had to be moved. Like I said, I was a little bit foggy."

The deputy was not asked if he told the defendant to move the automobile.

The defendant's sole point is that the evidence is insufficient to support the verdict because "there was uncontroverted evidence that Deputy Bennett and Trooper Callaway entrapped appellant when Deputy Bennett told appellant that he (appellant) would have to move the car in spite of the fact that appellant was too intoxicated to drive."

At the defendant's request, the trial court submitted the defense of entrapment by MAI–CR 3d 310.28 and by adding a paragraph in the verdict director making a cross-reference to that instruction. See Notes on Use 4, MAI–CR 3d 310.28. In the trial court and in this court, the parties apparently have assumed entrapment is a defense or an excuse for driving while intoxicated.

The defense of entrapment is, in most jurisdictions, defined by statute. That is true in this state.

"Originally a judge created doctrine in Missouri, the defense of entrapment has, since January 1, 1979, been legislatively codified." *State v. Willis*, 662 S.W.2d 252, 255 (Mo. banc 1983) (footnote omitted).

Section 2.13 of the Model Penal Code (1962) defines entrapment as follows:

"(1) A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:

(a) making knowingly false representations designed to induce the be-

lief that such conduct is not prohibited; or

(b) employing methods of persuasion or inducement that create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it."

Model Penal Code § 2.10 Tent.Draft No. 9 (1959) placed the following limitation on the defense.

"(3) The defense afforded by this Section is unavailable in a prosecution for a crime *involving conduct causing or threatening bodily injury* to a person other than the person perpetrating the entrapment." (Emphasis added.)

However, in lieu of that limitation the Model Penal Code places the following limitation upon that defense.

"(3) The defense afforded by this Section is unavailable when *causing or threatening bodily injury* is an *element of the offense* charged and the prosecution is based on *conduct* causing or threatening such injury to a person other than the person perpetrating the entrapment." (Emphasis added.) § 2.13 Model Penal Code (1962).

It is obvious that under the Model Penal Code entrapment is a defense to driving while intoxicated. Entrapment has often been recognized as such a defense. Annots., Entrapment to Commit Traffic Offense, 34 A.L.R.4th 1167 (1984); Choice of Evils Defense—DWI, 64 A.L.R.4th 298 (1988). Also see *People v. Kaeppel,* 74 Misc.2d 220, 342 N.Y.S.2d 882 (1st Dist. 1973); *People v. Jensen,* 37 Ill.App.3d 1010, 347 N.E.2d 371 (1976); *Evans v. State,* 690 S.W.2d 112 (Tex.App.—El Paso 1985); *State v. Zito,* 11 Kan.App.2d 432, 724 P.2d 149 (1986).

In Missouri, the defense of entrapment is governed by § 562.066.

"1. The commission of acts which would otherwise constitute an offense is not criminal if the actor engaged in the prescribed conduct because he was entrapped by a law enforcement officer or a person acting in cooperation with such an officer.

2. An '**entrapment**' is perpetrated if a law enforcement officer or a person acting in cooperation with such an officer, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages or otherwise induces another person to engage in conduct when he was not ready and willing to engage in such conduct.

3. The relief afforded by subsection 1 is not available as to any crime which *involves* causing physical injury to or *placing in danger of physical injury* a person other than the person perpetrating the entrapment.

4. The defendant shall have the burden of injecting the issue of entrapment." (Emphasis added.)

That section is based on Model Penal Code § 2.10 Tent.Draft No. 9 (1959). Comment to § 7.120 Proposed Criminal Code of 1973.

However, the limitation upon the defense of entrapment adopted in this state is significantly different from the limitation in the Model Penal Code and the limitation in Tent.Draft No. 9. The limitation in § 562.066 is not confined to a "crime involving *conduct* causing or threatening bodily injury" or an offense in which such *conduct* is an *element.* Nor is it limited to conduct causing or threatening bodily injury. The limitation of § 562.066 includes a "crime which *involves* ... *placing in danger* of physical injury a person other than the person perpetrating the entrapment." (Emphasis added.)

When the legislature enacts a statute taken from a model or uniform code, the commentary or explanation to the borrowed section is significant. *State v. Anderson,* 515 S.W.2d 534 (Mo. banc 1974). When an existing statute is altered, "such change is deemed to have an intended effect, and the legislature will not be charged with having done a meaningless act." *State v. Sweeney,* 701 S.W.2d 420, 423 (Mo. banc 1985). By the same token, the legislative rejection of the limitation in Tentative Draft No. 9 and in § 2.13 of the Model Penal Code should be accorded great weight in construing § 562.066(3). That rejection is a clear indication of the legisla-

tive intent to broaden the limitation upon the defense of entrapment. Further, "'[t]he primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning.'" *Metro Auto Auction v. Director of Revenue*, 707 S.W.2d 397, 401 (Mo. banc 1986).

The background of Tentative Draft No. 9 and the Model Penal Code emphasizes the plain meaning of § 562.066(3). That plain meaning is that the defense of entrapment is not available in a crime which involves placing in danger of physical injury a person other than the person perpetrating the entrapment. Cf. *Taylor v. United States*, — U.S. —, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), vacating and remanding 864 F.2d 625 (8th Cir.1989). This court would be oblivious to reality if it does not hold that driving while intoxicated on a state highway does place the public in danger of physical injury. The defendant should not have been accorded the defense of entrapment, and the evidence is sufficient to support his conviction.

Moreover, even assuming the defense was available, the evidence is sufficient to establish the defendant was not entrapped.

"Missouri follows the 'subjective' test on entrapment rather than the 'objective' test. The former focuses on the 'origin of intent' to commit the crime with emphasis on the 'predisposition' of the accused." *State v. Willis*, 662 S.W.2d at 254.

In determining the sufficiency of the evidence, "the facts in evidence and all favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the state and all evidence and inferences to the contrary must be disregarded." *State v. Franco*, 544 S.W.2d 533, 534 (Mo. banc 1976), cert. denied, 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977). The defendant admitted he was intoxicated while driving on a public highway. The evidence tending to support the issue of entrapment was that introduced by the defendant. The state's case was devoid of such evidence. Under such circumstances, the jury was entitled to reject the testimony of the defendant and his brother and accept the evidence of guilt presented by the state. *State v. Willis*, supra. Cf. *State v. Weinzerl*, 495 S.W.2d 137 (Mo. App.1973).

Further, there was evidence that after water was poured in the radiator and over the engine, the defendant, before the deputy arrived, with the aid of a third party, attempted to start the automobile. Obviously it was his purpose to drive. He acknowledged he had an alternative in having the car towed, but drove to get out of the county. Even if the defendant had been told the automobile would have to be moved, the jury could find beyond a reasonable doubt that the defendant was "ready and willing" to drive while intoxicated, as submitted in MAI–CR 3d 310.28. Cf. *People v. Kaeppel*, supra; *Ijames v. Director of Revenue*, 699 S.W.2d 121 (Mo.App.1985); *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976). The defendant's sole point is denied and the judgment is affirmed.

HOGAN, C.J., and FLANIGAN, P.J., concur.