OPINION OF THE COURT
James C. Harberson, J.
*98 ISSUE
The question is whether Vehicle and Traffic Law § 1192 (4), driving while ability is impaired by drugs, can be reduced by a plea to Vehicle and Traffic Law § 1192 (1), driving while ability is impaired by alcohol, if there is no evidence of impairment due to alcohol consumption.
FACTS
The prosecution has moved to amend charges of Vehicle and Traffic Law § 1192 (4) to Vehicle and Traffic Law § 1192 (1). In this case the BAG reading was .00 and there was no evidence of erratic operation by the defendant. The vehicle stop was based on Vehicle and Traffic Law § 1180 (d), speeding (47 miles per hour in a 30-mile-per-hour limit).
DECISION
Since Vehicle and Traffic Law § 1192 (4) was enacted (L 1966, ch 963, § 1) “no reported decision in this State holds that a conviction under [section 1192 (1)] may include impairment solely by reason of the intake of drugs” (People v Van Tuyl, 79 Misc 2d 262, 267) — nor has there been any decision since Van Tuyl to so rule.
This is because while subdivisions (1), (2) and (3) of section 1192 “are but species of the generic offense of ‘Operating a motor vehicle while under the influence of alcohol’ ” “based upon the degree of impairment caused by alcohol ingestion” (People v Farmer, 36 NY2d 386, 390), subdivision (4) is not, if you will, a member of the same “species” having as its genesis drug ingestion instead of alcohol. Subdivisions (1) and (4) of section 1192, then, are not “birds of a feather.”
In addition, the use of the word “impairment” in both subdivisions does not make section 1192 (1) a lesser included offense of section 1192 (4) as it is used only to define the proscribed condition in which a person may not operate a motor vehicle regardless of the substance which caused it.
There is another reason to reject this proffered reduction. In People v Naranjo (89 NY2d 1047, 1049), the Court said “ [generally, as a matter of due process, an offender may not be sentenced on the basis of ‘materially untrue’ assumptions or ‘misinformation’ [citations omitted]” but “[r]ather * * * ‘the sentencing court must assure itself that the information * * * is reliable and accurate’ [citation omitted].” The Court went on to state that if a court considers information for sentencing *99 based on “pure speculation” then the “imposi[tion] of defendant’s sentence was improper.” (People v Naranjo, supra, at 1049.)
If a plea were permitted to Vehicle and Traffic Law § 1192 (1) where there is no evidence of “impairment” due to alcohol consumption but only drugs, the plea would be based on the fiction that alcohol was the cause of the impairment. The court finds that this “materially untrue assumption or misinformation” as to the basis of the impairment would not enable the court to “assure itself’ that the information upon which it bases the sentence is reliable and accurate, thereby violating the defendant’s right to due process. This is because if the sentence is based on alcohol consumption when the only evidence is the use of drugs, the court’s knowledge is “based on pure speculation” making the “imposition] of defendant’s sentence * * * improper” (People v Naranjo, supra, at 1049).
This court is aware that in other jurisdictions such reductions may be the normal procedure notwithstanding the apparent legal impossibility. It was observed that “[a] ritualistic form just because it may save the trouble of thinking is likely to eliminate thinking [citations omitted] * * * [reaching] a point at which the administration of justice becomes only procedure and the essence of justice is lost.” (People v Nixon, 21 NY2d 338, 355-356.)
These observations apply to the issues in this case where a defendant admits to the fact of impairment due to alcohol where there is no evidence that alcohol consumption caused the impairment (which was actually due to drugs) “only because they know that this is the route to * * * the lesser plea” (People v Nixon, supra, at 355). If the court were to allow the plea to the reduced charge then the “essence of justice is lost” (People v Nixon, supra, at 356) because the plea has no basis in the fact of alcohol consumption causing the impairment, and the court is left without reliable and accurate information on which to base its sentence because of “ ‘materially untrue’ assumptions or ‘misinformation’ ” (People v Naranjo, supra, at 1049) resulting in a sentence based upon “pure speculation” (People v Naranjo) violating constitutional due process.
The motion to reduce the charge of Vehicle and Traffic Law § 1192 (4) to § 1192 (1) is denied.