The People of the State of New York, Respondent,
against
James Rivera, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Gilbert C. Hong, J.), rendered July 29, 2014, after a jury trial, convicting him of driving while ability impaired by alcohol, and imposing sentence.




Per Curiam.
Judgment of conviction (Gilbert C. Hong, J.), rendered July 29, 2014), affirmed.
The verdict convicting defendant of driving while impaired (see Vehicle and Traffic Law § 1192[1]) was supported by legally sufficient evidence and was not against the weight of the evidence. The People's proof established that after defendant's vehicle was stopped by police, he exhibited bloodshot and watery eyes, a strong scent of alcohol on his breath, a flushed face, was speaking incoherently and had an open bottle of rubbing or isopropyl alcohol near his seat (see People v Cruz, 48 NY2d 419, 426—427 [1979], appeal dismissed 446 US 901 [1980]).
Defendant also argues that the term "alcohol" as used in Vehicle and Traffic Law § 1192 refers to ethyl alcohol only, and not other substances chemically defined as alcohol, such as isopropyl alcohol. This argument raises an issue of first impression at the appellate level.
Since there is no statutory definition of "alcohol" in the Vehicle and Traffic Law, we must give the term its ordinary and commonly understood meaning, and, to that end, dictionary definitions are regarded as useful guideposts (see McKinney's Cons Laws of NY, Book 1, Statutes §§ 232, 234; People v Andujar, 30 NY3d 160, 163 [2017]; People v Ocasio, 28 NY3d 178, 181 [2016]). A review of dictionary sources indicates that alcohol is defined by the chemical structure shared by all alcoholic substances, including isopropyl alcohol. For example, The American Heritage Dictionary of the English Language defines alcohol as "a colorless, volatile flammable liquid, C2 H5 OH, synthesized or obtained by fermentation of sugars and starches and widely used, either pure or denatured, as a solvent and in drugs, cleaning solutions, explosives, and intoxicating beverages" (5th ed). Webster's New World College Dictionary similarly defines alcohol as "a colorless volatile pungent liquid, C2 H5 OH: it can be burned ... is used in industry and medicine, and is the intoxicating element of whiskey, wine, beer and other fermented or distilled liquors" (5th ed 2014). Thus, giving the word "alcohol" its commonly [*2]understood meaning, Vehicle and Traffic Law § 1192(1) is violated whether one is impaired by ethyl alcohol or another substance chemically defined as alcohol.
This interpretation effectuates the legislative purpose of Vehicle and Traffic Law § 1192. While the words of the statute are the best evidence of the legislature's intent, legislative history may also be relevant as an aid to construction of the meaning of words (People v Andujar, 30 NY3d at 166). The obvious purpose of section 1192 is to deter people from driving when they have consumed substances that intoxicate or otherwise impair their abilities to safely operate their motor vehicles (see Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202, 212-213 [2017]; People v Koch, 250 App Div 623, 624-625 [1937]; see also Governor's Mem approving L 1960, ch 184, 1960 NY Legis Ann at 473). Given this purpose, it would make no sense to exclude drivers who became impaired or intoxicated as the result of consuming non-ethyl alcohol, such as isopropyl alcohol. To give the statutory terms this narrow construction advocated by the defendant "would be inimical to the public policy underlying [the statute] and would conflict with the legislative intent which is apparent in the language of the statute as a whole.... Moreover, [this] construction, if given effect, could, as a practical matter, frustrate the very purpose of the legislation" (Matter of Capital Newspapers, Div. of Hearst Corp. v. Whalen, 69 NY2d 246, 252 [1987]).
"[N]ew language cannot be imported into a statute to give it a meaning not otherwise found therein" ... and "a court cannot amend a statute by inserting words that are not there ..." (Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 394 [1995][internal quotation marks and citations omitted]). "If the legislature intended that the term [alcohol] mean only [ethyl alcohol], it could have easily done so with the addition of that one word to the statute" (Artibee v Home Place Corp., 28 NY3d 739, 748 [2017][internal quotation marks and citations omitted]; see People v Andujar, 30 NY3d at 312).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 25, 2019