Commonwealth, Appellant, *v.* Schuler.

Argued April 9, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Joseph H. Goldstein,* District Attorney, for appellant.

*William Glassman,* for appellee.

OPINION BY RENO, J., July 19, 1945:

This is the Commonwealth's appeal from an order quashing an indictment.

The indictment charged that defendant "...... unlawfully did operate a motor vehicle over and upon a public street or highway in said County and Commonwealth, ...... then and there being under the influence of intoxicating liquor or a narcotic or habit producing drug ......" The charge was laid under the Act of June 29, 1937, P. L. 2329, §620 (f), 75 PS §231, which in part provides: "It shall be unlawful for any person to commit any of the following acts: ...... To operate a motor vehicle, ...... while under the influence of intoxicating liquor, or any narcotic drug or habit producing drug ......"

The court below held the indictment bad for duplicity in that three distinct crimes were charged in its single count, and that thereby defendant was called upon to answer three charges. The court suggested, and before us defendant insisted, that if the conjunctive "and" had been substituted for the disjunctive "or" the indictment would have been good, notwithstanding that even in that form the indictment would have compelled defendant to defend three charges.

We shall resist the temptation to indulge in a profitless exercise in ancient and sterile dialectics. The difference between disjunctive and conjunctive pleading is mostly the difference between tweedledum and tweedledee, and modern jurisprudence, which appraises substance and not form as its essence, accords to such useless learning only a nodding acquaintance. What

earthly difference is there between "or" and "and" in a count when the end result is that defendant in both instances must be prepared to meet both or all charges? Long ago (1757) Lord MANSFIELD gave short shrift to the distinction. Said he: "Upon indictments, it has been so determined, (that an alternative charge is not good), as 'forged or caused to be forged'; though only one need be proved, if laid conjunctively, as 'forged and caused to be forged'. But I do not see the reason of it; the substance is exactly the same; the defendant must come prepared against both. And it makes no difference to him in any respect": *Rex v. Middlehurst,* 1 Burr. 399, 97 Eng. Rep. R. 369. Our own Mr. Justice YEATES thought the doctrine deserved only scant countenance. *Respublica v. Arnold,* 3 Yeates 417. The contention might well be dismissed upon the solid ground that even if the pleading were technically erroneous it is a mere formal defect which does not in fact prejudice the rights of the defendant, and therefore is harmless error.

There are, to be sure, comparatively modern cases which, notwithstanding the distinguished judicial dictum we have quoted, have recognized the rule which requires conjunctive pleading where the statute defining the offense describes distinct crimes in the disjunctive. See, e.g., *Com. v. Cook,* 98 Pa. Superior Ct. 117; *Com. v. Saler,* 84 Pa. Superior Ct. 281; *Com. v. Kolb,* 13 Pa. Superior Ct. 347. (But see also *Com. v. Batch,* 120 Pa. Superior Ct. 592, 183 A. 108, where objections to a disjunctive count were overruled without extended discussion.) The authorities which follow that rule do not control this case. Here the legislature has not defined three separate crimes; it has denounced one act committed as a result of three different though similar activating conditions. The Act does not define three separate and distinct offenses, i.e., first, operating a motor vehicle under the influence of intoxicating liquor; second, operating under the influence of a narcotic;

third, operating under the influence of a habit produc·ing drug. Only one crime is proscribed, i e., operating a motor vehicle while under the influence of substances which impair the mental and physical faculties of the operator, an impairment produced by means of the ingestion of one or two or all of the substances mentioned. The gravamen of the offense, the act which the law denounces, is the result, the influence produced by the substances, and the operation of a motor vehicle under that influence. To paraphrase *Scott v. Com.*, 6 S. & R. 224, where an indictment was attacked for duplicity arising from the use of disjunctive pleading, the crime defined in the Act and charged in this indictment is operating a motor vehicle under an unnatural influence and the three specified substances are merely the modes by which the influence was created.

That this is true becomes clear when the prior legislation is examined. We are permitted to consider former laws upon the same subject in order to discover legislative intent. Statutory Construction Act of May 28, 1937, P. L. 1019, §51, 46 PS §551. The first pronouncement on the subject was contained in the Act of July 7, 1913, P. L. 672, §16, which provided: "Any person operating a motor vehicle when intoxicated shall be deemed guilty of a misdemeanor," etc. Intoxication, i.e., an abnormal state, a physical and mental condition, and driving under it, were denounced by that Act. Under that Act it was not necessary to specify the substance which produced intoxication. Popularly, at least, it meant intoxication produced by imbibing alcoholic beverages, although we have in our books a homicide case where our Supreme Court held: "Intoxi·cation from the voluntary excessive use of opium or any other drug taken to gratify the appetite is considered in the law the same as intoxication from the voluntary use of liquors": *Com. v. Detweiler*, 229 Pa. 304, 309, 78 A. 271. The point is that the original Act denounced a condition where an unnatural influence dom·

inated the operator, and the subsequent legislation did no more than broaden the sweep of the earlier legislation by mentioning the modes by which the influence was engendered, and, by specifying them, excluded all other modes. The unnatural influence still remained the legislature's central point of attack, and stating the means by which it was created did not create new crimes. The succeeding legislation merely defined the old crime in new terms. It remained one crime after the subsequent legislative process was completed, not three separate and distinct crimes. The basic premise upon which the court below founded its decision is thus demonstrated to be error, and with its demolition its order is without support.

If a defendant is hampered by a disjunctive pleading or, for that matter, by a conjunctive pleading he may apply for a bill of particulars. Yet, viewing the subject realistically, unless the charge is without any foundation, and then he need not be embarrassed by either type of pleading, it is probable that he knows better than the Commonwealth which of the three substances wrought the influence under which he operated the automobile. It is not inconceivable that the influence may have been superinduced by one or more of the substances. The defendant in *Com. v. Detweiler,* supra, claimed that he became intoxicated by a combination of opium and beer. The Commonwealth knows the result, the influence, the actions of the operator while driving under it, but it cannot always know precisely which, and how many, of the causes produced the influence, and its lack of exact information may justify an alternative allegation.

The order quashing the indictment is reversed; and the indictment is reinstated with a procedendo.