## Commonwealth v. McCarthy et al.

*E. H. Carney,* for petitioner.

*D. J. McLaughlin,* for Commonwealth.

LAUB, J., April 8, 1947.—This is a petition for the return of approximately 65 cases of beer now in the possession of the sheriff, which were allegedly seized illegally December 13, 1946. By amendment the peti-

tion also asks for the return of 35 cases of empty beer bottles which were seized at the same time. The petition is presented by James McCarthy, who is averred to be the lawful owner of the beer and the empty bottles. James McCarthy holds no license under the Beverage License Law or the Pennsylvania Liquor Control Act, and the beer and bottles were not seized from licensed premises.

The seizure in this case was made by the agents of the Pennsylvania Liquor Control Board, who, on December 17, 1946, filed an information before a local alderman charging certain individuals, including petitioner, with the unlawful sale of beer in violation of the Beverage License Law. After hearing, the alderman discharged defendants for lack of evidence.

At the hearing in these proceedings it was stipulated by the district attorney that he had no evidence that said beer was possessed unlawfully; and Theodore Patchen, an agent of the board, testified that he was present on the raid and observed no violation of the Beverage License Law. He further stated that two State policemen had been assigned to the investigation and that these officers had attempted unsuccessfully to purchase beer.

We are not certain that we have the power to order the return. The Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, sec. 611, added by the Act of July 18, 1935, P. L. 1246, reënacted and amended by the Act of June 16, 1937, P. L. 1762, 47 PS §744-611, sets forth in some detail the method by which contraband beverages and alcoholic liquids might be forfeited, destroyed or otherwise disposed of. The procedure therein outlined contemplates the presentation of a petition to forfeit. See section 611(d), et seq. This petition must contain a description of the property; a statement of the time and place where seized; the name of the owner, if known; the name

of the person in possession, if known; an allegation that the liquor or property had been possessed or used or intended for use in violation of the act, and a prayer for forfeiture. It nowhere establishes the right of an owner to petition for the return of seized beverages, and this paragraph could not be construed as creating that privilege. Any owner who filed a petition in accordance with this section would, of course, be immediately out of court since he would have to allege that the property had been possessed or used or was intended for use in violation of the act.

It is true that section 611(d) (4) states:

"Upon the filing of any claim for said property setting forth a right of possession thereof, the case shall be deemed at issue, and a time be fixed for the hearing thereof."

This paragraph refers to claims filed following the service of notice of the petition to forfeit as set forth in the previous paragraph of the same section and is not, as appears from reading it out of context, a separate proceeding. Section (d) (3) makes provision for service by publication where the owner of the property is unknown, is outside the jurisdiction or where there was no one in possession of the property when seized or, if there was such person, where he cannot be found within the jurisdiction of the court at the time the petition for forfeiture was presented. After providing for the contents of such publication, this section further requires that it "shall direct any claimants thereof to file claim therefor". These are the claims which are referred to in (d) (4).

Section 611(a) provides, inter alia, that no seized property, "when in the custody of the law, shall be seized or taken therefrom on any writ of replevin or like process". Although this applies only to contraband articles, its appearance in the forfeiture section of the act would imply our lack of jurisdiction to test the legality of detention through any procedure other

than as provided in the rest of the section. A consideration of the history of the present section bears out this view. With the exception of certain deletions and alterations, section 611 of the present law is copied almost verbatim from section 11 of the Act of March 27, 1923, P. L. 34. The alterations and deletions were made necessary because the present law is one of regulation while the former was one of prohibition. The significant fact is, however, that paragraph (d) (VI) of the old act was deleted when the new one was drawn, the last portion, however, being included under paragraph (V). This paragraph provided:

"(VI) Any person claiming the ownership of, or right to possession to, any intoxicating liquor, vehicle, team, conveyance, craft, or other property, the disposition of which is provided for in this section, may, at any time prior to the sale thereof, present his petition to the court, alleging his lawful ownership thereof or right of possession thereto, and, if . . . such claimant shall prove . . . that said intoxicating liquor, vehicle, team, conveyance, craft, or property was lawfully acquired, possessed, and used by him, or, if it appearing that the property was unlawfully used by a person other than the claimant, he shall prove that such unlawful use was without his knowledge or consent, then the court may order the same returned. . . ."

The deliberate exclusion of this paragraph from the present law is clear evidence of the legislative intent to deprive claimants of the right to initiate proceedings in this manner. Our consideration of the prior legislation is a proper method of deriving the legislative intent: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551; Commonwealth v. Schuler, 157 Pa. Superior Ct. 442, 445; Orlosky v. Haskell, 304 Pa. 57, 66.

The denial of claimants right to petition for return may prove unfortunate in circumstances equivalent to these. Here the district attorney could not, in con-

science, make the affidavit required by paragraph (*d*) (1), since, according to his stipulation he has no evidence of any violation of the law. In consequence claimant is denied any specific remedy except, if his property is unlawfully detained, to proceed for damages against those responsible. Such action ought not to be necessary since it is the obvious duty of the Commonwealth's officers either to petition for forfeiture or to return the seized property within a reasonable time.

Our considered opinion is that we have no jurisdiction to act in the present case.

And now, to wit, April 8, 1947, the petition is dismissed.