Commonwealth *v.* Rex, Appellant.

Argued March 22, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*Thomas J. Burke,* with him *H. Lester Haws,* for appellant.

*Bernard E. DiJoseph,* Assistant District Attorney, with him *J. Stroud Weber,* District Attorney, for appellee.

OPINION BY RENO, J., July 19, 1951:

Appellant was convicted of driving an automobile while under the influence of intoxicating liquor. Only the later stages of the trial were stenographically reported, and therefore we have paraphrased the Commonwealth's version of its testimony, to which no objection was made in this Court.

On August 16, 1950, at 1:15 a. m., a police officer of Lower Merion Township purposely stationed himself in the center of an intersection as a result of what a motorist had told him. In this position he observed defendant's car moving westwardly on Lancaster Avenue, pass through a red light at the intersection west of where he was standing, and zigzagging along Lancaster Avenue, almost striking a parked car. Defend-

ant was stopped by the officer who observed that defendant had a strong odor of alcohol on his breath, thick speech, and a flushed complexion. When he got out of the car, he swayed on his feet, lurched backward and had a staggering gait. Defendant admitted to the officer that he had had six beers. Another officer came on the scene, and corroborated the first officer's testimony. Both officers testified that in their opinion defendant was under the influence of intoxicating liquor. Defendant was taken to the township building and was examined at 1:45 a. m., by a police surgeon and found under the influence of intoxicating liquor. During routine questioning of defendant by the police, he made no complaint of injuries or that he was suffering from any ailment and nothing was said by him that he was taking medicine or that he was under a doctor's care.

Appellant presented a novel defense. He admitted that he had consumed six or seven glasses of beer, accounted for his staggering gait by stating that he had previously suffered an injury to his knee, and testified he had taken an overdose of phenobarbital which his physician had prescribed. The physician corroborated him as to the prescription, and testified that, except for the odor, the drug could produce the same symptoms which indulgence in alcoholic beverages develops. Yet appellant testified on cross-examination: "Q. Well, you have heard Dr. Stine, Officer Burk, Officer McNabb recite your condition, that it was not normal, that your sense of coordination was not normal, that your sense of ideation was not normal, your speech was slurred, your eyes were puffed, face distorted and red? A. Yes. Q. It is your thought all those things did not occur and in your opinion you were perfectly normal? A. Yes." That is to say, neither the beer nor the drug produced the aberrant behavior which the officers and the examining physician observed.

Hence appellant's ingestion of phenobarbital would seem to have been wholly irrelevant. Nevertheless, learned Judge KNIGHT, with characteristic fairness, delivered a charge more favorable to appellant than his position warranted. He instructed the jury: "However, the Commonwealth has charged this man with driving while under the influence of intoxicating liquor, and that is the sole question for you to determine. In other words, if you find that he was dizzy due to the phenobarbital that he took, . . . if you find he was abnormal that night from that cause, then you should acquit him under this bill, unless you also find that the liquor he consumed contributed to some extent to his condition. . . . In other words, if you find from all the evidence he was under the influence of phenobarbital and intoxicating liquor, and you find that to be a fact beyond a reasonable doubt, then you can find him guilty. But, if you find that his condition, that he was abnormal, due entirely to phenobarbital, then you should acquit him."

This portion of the charge is the target of appellant's argument. His complaint is directed to the statement that if "he was under the influence of phenobarbital and intoxicating liquor" he violated the statute. He argues that since The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 P. S. §231, defining the crime, mentions intoxicating liquors, or narcotics, or habit forming drugs, in the disjunctive, he can be convicted upon an indictment charging driving while under the influence of intoxicating liquor only by proof that liquor was the sole influence and must be acquitted where the condition is created by a combination of liquor and a habit forming drug. In short, his position is that the abnormal condition, which he claims did not exist, was produced by the drug, not the beer, and that he should have been indicted for driving while under the influence of the drug. He

seeks to exculpate himself by showing that he committed a crime other than that with which he was charged.

As pointed out in the charge, men's tolerance for alcohol differs, and variant conditions, such as fatigue, lack of sleep, and physical defects, contribute with liquor to cause an abnormal condition. To those variables might be added the factors of heat and cold, atmospheric pressure and altitude, lack of food or consumption of some types of food. These may contribute to the efficacy of liquor. 1 Gray's Attorney's Textbook of Medicine, (3rd Ed.) §59.04. Doubtless, a drug or medicine may also be a contributing factor. They "contribute" in the sense in which the trial judge used the word in his charge; that is, they furnish a share or constituent part of a combination. The question was which of the two combined elements, the beer or the drug, was the *efficient* cause of the condition. In substance, the charge submitted that question to the jury, and there is no error in the charge or in the verdict.

It would be an intolerable burden to require the Commonwealth to prove that liquor was the sole cause, and the statute does not require it. If liquor shares its influence with another influence and is still the activating cause of the condition which the statute denounces it can be truthfully said that the driver was under the influence of liquor.

Judgment and sentence affirmed.