Commonwealth *v.* Bishop, Appellant.

Argued September 24, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*William W. Vogel*, with him *Cassin W. Craig*, and *Wisler, Pearlstine, Talone & Gerber*, for appellant.

*Randolph A. Warden*, Assistant District Attorney, with him *Bernard E. Di Joseph*, District Attorney, for appellee.

OPINION BY WRIGHT, J., November 13, 1956:

The question with which we are here concerned is whether a defendant, who has been indicted and acquitted on a charge of operating a motor vehicle while under the influence of intoxicating liquor, may be subsequently reindicted and convicted on a charge of operating the same motor vehicle at the same time and place while under the influence of a narcotic or habit producing drug. The factual situation is set forth in the following agreed statement of the case:

"On July 22, 1955 at approximately 5:30 P.M. Lester Bishop, the defendant, a resident of Souderton, Pennsylvania, while operating his automobile struck the rear of a truck operated by Charles E. White, Jr. which was proceeding South on Limekiln Pike at the intersection of Limekiln Pike and Norristown Road, Upper Dublin Township, Montgomery County, Pennsylvania. No one was personally injured, although there was some damage to defendant's car and the rear of the truck.

"The defendant was charged by the officers of the Upper Dublin Police of operating a vehicle while under

the influence of intoxicating liquor and the matter was returned to court as of No. 230, June Sessions, 1955. The bill of indictment stated that the defendant: 'Late of said County, yeoman, on or about the 22nd day of July in the year of Our Lord, One Thousand Nine Hundred and Fifty-five, with force and arms, etc., at the County aforesaid and within the jurisdiction of this Court, unlawfully did then and there, while under the influence of intoxicating liquor, operate a certain motor vehicle, contrary to the form of the Act of the General Assembly in such case made and provided and against the peace and dignity of the Commonwealth of Pennsylvania'.

"At the jury trial held on September 13th and 14th, 1955 before his honor, Judge GEORGE C. CORSON, the defendant testified having injected into himself a narcotic drug, namely, demerol in accordance with his doctor's prescription in order to alleviate the terrible pain caused by the passing of kidney stones from which he suffered from time to time. The defendant also testified that he had drunk one shot of whisky after taking the demerol shortly before the accident in order to alleviate the severe pain which had not yet subsided (N. T. 75, 87). It was the contention of counsel for the defendant that the cause of the accident was due to the defendant passing out from the use of demerol rather than the fact that the defendant was under the sole or predominate influence of intoxicating liquor. The Commonwealth contended that if the defendant's condition was due entirely to the influence of demerol, it should acquit, but if his abnormal condition was due in part to the influence of intoxicating liquor, it should convict.

"After a fair and appropriate charge the jury found the defendant not guilty. Encompassed in the Court's

charge at page 151 of the original Notes of Testimony was the following statement:

'. . . But the defendant's contention is that these symptoms which the man stated were symptoms of being intoxicated or being under the influence of intoxicating liquor, which the doctor said were symptoms of being under the influence of intoxicating liquor, were caused by the Demerol or the drugs that the defendant had taken. If his condition was caused by Demerol, Demerol alone, then he would not be guilty. Your verdict would be only guilty, however, as a result of whatever intoxicating liquor he had taken he had lost or that had caused him to lose in any degree that control of himself, that coordination to which we have already directed your attention, then, even though he also had the Demerol, he would still be guilty, if, as a result of what he had taken of an intoxicating liquor, that that had caused him to lose that coordination and clearness of intellect to which we have already alluded earlier in the charge.'

"Upon information determined at the first trial the defendant was subsequently indicted for operating a motor vehicle while under the influence of a narcotic or habit producing drug, No. 185, September Term, 1955. That bill of indictment stated that the defendant:

'Late of said County, yeoman, on or about the 22nd day of July in the year of Our Lord, 1955 with force and arms, etc., at the County aforesaid and within the jurisdiction of this Court, unlawfully did then and there, while under the influence of a narcotic or habit producing drug to wit: demerol, operate a certain motor vehicle, contrary to the form of the Act of the General Assembly in such case made and provided against the peace and dignity of the Commonwealth of Pennsylvania.'

"At the trial held on December 12, 1955 before his Honor, Judge GEORGE C. CORSON, it was stipulated between the parties to this matter that the second bill of indictment concerned itself with and was based upon the same facts, occurrence and accident as the prior bill (N. T. 58, 59). The Commonwealth in support of its bill of indictment read into the record and to the jury the defendant's testimony taken at the first trial which concerned itself with the fact that the defendant had taken and was affected at the time of the accident by an injection of demerol. At the close of the Commonwealth's case the defendant's plea of *res judicata* and *autrefois acquit* was entered on the record, argued and overruled. In contradistinction to the first trial the defendant offered no defense and the jury, after an appropriate charge, found the defendant guilty.

"On December 14, 1955 the defendant filed a Motion for a New Trial and a Motion in Arrest of Judgment; however, the former was abandoned. On April 5, 1956 the defendant's Motion in Arrest of Judgment by decree was refused and this appeal followed".

The pertinent portion of the Vehicle Code, Act of May 1, 1929, P. L. 905, Section 620, as amended, 75 PS 231, provides that it shall be unlawful for any person "(f) To operate a motor vehicle . . . while under the influence of intoxicating liquor, or any narcotic drug or habit producing drug . . ." In *Commonwealth v. Schuler,* 157 Pa. Superior Ct. 442, 43 A. 2d 646, we held that an indictment which charged a defendant, disjunctively, with having operated a motor vehicle while "under the influence of intoxicating liquor or a narcotic or habit producing drug" was not bad for duplicity. Speaking for the court, Judge RENO employed the following significant language (italics supplied) :

"There are, to be sure, comparatively modern cases which, notwithstanding the distinguished judicial dic-

tum we have quoted, have recognized the rule which requires conjunctive pleading where the statute defining the offense describes distinct crimes in the disjunctive . . . The authorities which follow that rule do not control this case. *Here the legislature has not defined three separate crimes; it has denounced one act committed as a result of three different though similar activating conditions.* The Act does not define three separate and distinct offenses, i.e., first, operating a motor vehicle under the influence of intoxicating liquor; second, operating under the influence of a narcotic; third, operating under the influence of a habit producing drug. *Only one crime is proscribed, i.e., operating a motor vehicle while under the influence of substances which impair the mental and physical faculties of the operator, an impairment produced by means of the ingestion of one or two or all of the substances mentioned. The gravamen of the offense, the act which the law denounces, is the result, the influence produced by the substances, and the operation of a motor vehicle under that influence.* To paraphrase Scott v. Com., 6 S. & R. 224, where an indictment was attacked for duplicity arising from the use of disjunctive pleading, *the crime defined in the Act and charged in this indictment is operating a motor vehicle under an unnatural influence* and the three specified substances are merely the modes by which the influence was created".

The Commonwealth argues that the quoted statement from the *Schuler* case is obiter dictum and inconsistent with certain language in the subsequent case of *Commonwealth v. Rex,* 168 Pa. Superior Ct. 628, 82 A. 2d 315. It is the Commonwealth's position that operating under the influence of liquor and operating under the influence of demerol constitute different offenses. It must nevertheless be conceded that they

arise out of the same unlawful act. The basic fact essential to conviction is the unlawful operation of the motor vehicle. For example, in *Commonwealth v. Evans,* 45 Pa. Superior Ct. 174, a conviction of fornication was held to be a bar to a subsequent prosecution for bastardy growing out of the same unlawful sexual act. The court therein emphasized that the act of unlawful intercourse was the essential fact upon which the offense was based; and that, depending upon the circumstances, an act of unlawful intercourse might constitute simple fornication, fornication and bastardy, seduction, or adultery. It was pointed out that there might be more than one count but not more than one prosecution. See also *Commonwealth v. Lloyd,* 141 Pa. 28, 21 A. 411; *Commonwealth v. Mc. Evans,* 92 Pa. Superior Ct. 124. Where a state elects to prosecute an offense in one of its phases or aspects it cannot thereafter prosecute for the same criminal act: 22 C.J.S. §282. In other words, where the Commonwealth elects, as it was not required to do but actually did in the instant case, to prosecute for the unlawful act of operation while under the influence of liquor only, it cannot thereafter prosecute for the same unlawful act of operation while under the influence of demerol.

In the final analysis, however, we prefer to rest our decision upon the well considered reasoning of Judge RENO in the *Schuler* case. We adhere to the view that Section 620(f) of The Vehicle Code defines only one offense, namely operating a motor vehicle while under an unnatural influence. That influence may be caused by one or more of three activating conditions which create the proscribed effect. Since the violation of Section 620(f) as a result of the ingestion of any or all of the substances specified is one crime, it follows in the instant case that the verdict of acquittal on the

first indictment bars the second prosecution. To hold otherwise would be to depart from the interpretation heretofore established by this court for the protection of defendants and the guidance of district attorneys, and would nullify the clear intent of the legislature.

The judgment of the court below is reversed and the appellant is discharged.