## Commonwealth v. Mitchell

*C. Gregory Frantz, Jr.,* Assistant District Attorney, for Commonwealth.
*Richard T. Williams, Sr.,* for defendant.

COFFROTH, *P.J.,* May 16, 1975—This is a motion to quash the indictment which charges defendant with operating a motor vehicle while under the influence of intoxicating liquor, on the grounds that:

1. The description of the offense in the complaint is not sufficiently specific to inform defendant what substance he is alleged to have been under the influence of while driving;

2. The breathalyzer test was administered in Cambria County instead of in Somerset County where the alleged offense and the arrest occurred;

3. At the preliminary hearing before the justice of the peace, the essential evidentiary conditions for admission into evidence of the breathalyzer test result were not met.

These objections will be discussed in order.

## COMPLAINT AND INDICTMENT

The statute defines the offense as operating a motor vehicle "while under the influence of intoxicating liquor or any narcotic drug or habit producing drug.": Act of April 29, 1959, P.L. 58, sec. 1037, 75 PS §1037. The complaint charges defendant with operating while under the influence of "intoxicants" and also describes the offense as "drunken driving." The defense contention includes three propositions: (1) that the language of the complaint is broad enough to embrace intoxicating liquor, narcotic drugs and habit producing drugs; (2) that such broad language violates defendant's right to be informed which of the substances he must defend against, and (3) that the variance between the complaint covering liquor and drugs, and the indictment covering only liquor, is fatal. We will consider only the second and third propositions and will assume that the language of the complaint embraces intoxicating liquor, narcotic drugs and habit producing drugs. See State v. Dana, 439 P. 2d 403 (Wash., 1968).[1]

1. "Although the common and ordinary designation of the offense for which the defendant has been indicted is 'drunk driving,' this term is, in fact, a misnomer.": Laub, Pennsylvania Trial Guide (Bisel, 1959), section 589, page 166. It is not

In Commonwealth v. Schuler, 157 Pa. Superior Ct. 442, 43 A. 2d 646 (1945), the court made it clear that a formal charge of driving under the influence need not specify the substance which defendant is alleged to have consumed. Accord: Commonwealth v. Burt, 116 Pitts. L. J. 306 (1967). In Schuler, defendant was indicted for operating "under the influence of intoxicating liquor or a narcotic or habit producing drug," without specifying which substance the Commonwealth would seek to show influenced defendant in his driving. In holding the indictment sufficient, the court said, page 444:

"Here the legislature has not defined three separate crimes; it has denounced one act committed as a result of three different though similar activating conditions. The Act does not define three separate and distinct offenses, i.e., first operating a motor vehicle under the influence of intoxicating liquor; second, operating under the influence of a narcotic; third, operating under the influence of a habit producing drug. Only one crime is proscribed, i.e., operating a motor vehicle while under the influence of substances which impair the mental and physical faculties of the operator, an impairment produced by means of the ingestion of one or two or all of the substances mentioned. The gravamen of the offense, the act which the law denounces, is the result, the influence produced by the substances, and the operation of a motor vehicle under that

necessary for the Commonwealth to show that defendant was drunk or intoxicated in the ordinary sense of the word: Commonwealth v. Long, 131 Pa. Superior Ct. 28, 35, 198 Atl. 474 (1938). The requirement is that the operator be "under the influence of intoxicating liquor or any narcotic drug or habit producing drug.": 75 PS §1037, and complaints and indictments should use the proper language.

influence. . . . (T)he crime defined in the Act . . . is operating a motor vehicle under an unnatural influence and the three specified substances are merely the modes by which the influence was created."

From this analysis, it follows that an acquittal or conviction on a charge of operating under the influence of one substance precludes a subsequent prosecution on a charge of operating the same vehicle at the same time and place under the influence of another substance. See Commonwealth v. Bishop, 182 Pa. Superior Ct. 151, 126 A.2d 533 (1956).

Even though any of the three modes of conduct disjunctively proscribed in the statute is separately indictable, alleging all of them in a single complaint, or in a single count of an indictment, is not duplicitous pleading, and the jury may find defendant guilty according to the proofs. See Commonwealth v. Mentzer, 162 Pa. 646, 29 Atl. 720 (1894); Commonwealth v. Cook, 98 Pa. Superior Ct. 117 (1929). Compare Commonwealth v. Umberger, 31 Somerset 142 (85 Criminal, 1974).

Pleading in a criminal case is not, and never has been, required to be as precise as defendant wants. See U. S. v. Jenkins, 490 F.2d 868, 883 (1973). The complaint is required to set forth "a summary of the facts sufficient to advise defendant of the nature of the offense charged.": Pa. R. Crim. P. 132 (6) (a). The indictment shall contain "a plain and concise statement of the essential elements of the offense substantially the same as, or cognate to, the offense alleged in the complaint.": Pa. R. Crim. P. 213(a)(5). The language of the complaint will be construed according to the standards of everyday language, not technically: Commonwealth v. Perrino, 28 Somerset 212, 214 (1973). The complaint

adequately identifies *the offense* charged against defendant. If defendant wants more details prior to indictment, he can get them at the preliminary hearing, or in extreme cases he may obtain the special aid of the court. See Commonwealth v. Ridilla, 26 Somerset 212, 215 (1971). If he wants more detail after indictment, he is entitled to a bill of particulars under Pa. R. Crim. P. 221. As the court said in Commonwealth v. Schuler, supra, page 446:

"If a defendant is hampered by a disjunctive pleading or, for that matter, by a conjunctive pleading he may apply for a Bill of Particulars. Yet, viewing the subject realistically, unless the charge is without any foundation, and then he need not be embarrassed by either type of pleading, it is probable that he knows better than the Commonwealth which of the substances wrought the influence under which he operated the automobile. It is not inconceivable that the influence may have been superinduced by one or more of the substances. . . . The Commonwealth knows the result, the influence, the actions of the operator while driving under it, but it cannot always know precisely which, and how many, of the causes produced the influence, and its lack of exact information may justify an alternative allegation."

There is nothing unfair to defendant in this procedure, and no prejudice to him had been shown here. As it turned out in this case, the Commonwealth has limited the mode of the offense in the indictment to intoxicating liquor, eliminating narcotic and habit producing drugs, and thereby limiting and defining the issues for trial. Pa. R. Crim. P. 213 (c). Compare Commonwealth v. Rex, 67 Montg. 13 (1950).

It is likewise clear that the offense charged in the indictment is substantially the same as, or cognate to, that charged in the complaint; even though "intoxicants" may be broader than intoxicating liquor, narcotic drugs and habit producing drugs, the complaint gives the accused notice that he may be indicted for operating a motor vehicle under the influence of intoxicating liquor and/or such proscribed drugs: Commonwealth v. Perrino, supra.

## PLACE OF BREATHALYZER TEST

The defense wants us to impose a requirement that the breathalyzer test be administered in the county of venue. But we not only see no need for that; it strikes us as unreasonable and bad public policy. In this case, defendant was taken from Somerset County to Cambria County which was closer to the point of arrest than to take him to Somerset for testing, and, therefore, crossing the county line was more convenient and more reasonable for all concerned. The cause of legitimate law enforcement and of individual rights is not advanced by engrafting such technical requirements upon the law, as was clearly revealed in the artificial consequences of the nearest available magistrate rule in motor vehicle cases, happily now abandoned. See Commonwealth v. Ansell, 26 Somerset 248, 254 (1970), 56 D. & C. 2d 759, 765 (1971).

Besides, the authority for the breathalyzer test is statutory and establishes no testing venue, and the courts have no power to write their own limitations upon statutes except to step in when transportation of an accused far away for testing

might become such an unreasonable imposition upon him as to impinge upon constitutional limitations.[2]

The Act of August 6, 1973, P.L. 511 (No. 267), 19 P.S. §11, relates only to the place of arrest and is not applicable to the place of testing. "Every official detention of the person, however brief, is a Fourth Amendment seizure; every arrest is a personal seizure, but every personal seizure is not an arrest.": Commonwealth v. Jones, 28 Somerset 114, 118 (1972). Compare Glass v. Commonwealth, 333 A. 2d 268, and Commonwealth v. Quarles, 229 Pa. Superior Ct. 363, 324 A. 2d 452 (1974).

## ADMISSION OF EVIDENCE AT PRELIMINARY HEARING

Defendant also wants us to review the admission by the justice of the peace at the preliminary hearing of the breathalyzer test result, and to quash the indictment for failure of the Commonwealth at that hearing to meet the evidentiary conditions precedent to such admission, as outlined in Commonwealth v. Thompson, 27 Somerset 241, 251 (1970).[3] Whether rules of evidence apply at a preliminary hearing has been questioned. (Commonwealth v. Burton, 54 D. & C. 2d 264, 278 (1971)), although we think they do. See Commonwealth ex rel. Johnston v. Walker, 25 Somerset 70, 76 (1970).

---

2. Eventually, it is to be hoped that portable equipment will eliminate the need for significant transportation for breath testing. See discussion in Commonwealth v. Quarles, 229 Pa. Superior Ct. 363, 385-6, 324 A.2d 452 (1974).

3. Affirmed per curiam, 221 Pa. Superior Ct. 824, allocatur denied, cited with approval by the Supreme Court in Commonwealth v. DiFrancesco, 458 Pa. 188, 329 A.2d 204, footnote 3 (1974).

Of course, the Commonwealth may make out a prima facie case of driving under the influence without producing all of its evidence and without showing the breathalyzer test result.[4] But if it is shown, it ought to be shown properly.

There is, however, no legal procedure, such as certiorari, for supervision of the correctness of the proceedings before the justice of the peace. There is the writ of habeas corpus for illegal confinement. See Commonwealth ex rel. Johnston v. Walker, supra.[5] There are few means of direct attack upon defective proceedings before the justice of the peace. See, for example: Pa. R. Crim. P. 25 (venue); Pa. R. Crim P. 27 (publicity and recording of proceedings); Pa. R. Crim. P. 148 (transmission of papers); Pa. R. Crim. P. 150 (defects in complaint, etc.). His is not a court of record, and the transcript furnishes no record adequate for detailed review. See Pa. R. Crim. P. 146 and 147; Commonwealth v. Banovich, supra. For precise recognition and implementation of rights, the accused must look to the de novo proceedings in the Common Pleas Court. He is thus assured of nonconviction unless and until all essential proofs are made and essential procedures are followed. The limited function of the preliminary hearing, and its imperfections, must be recognized. See Commonwealth v. Gipson, 28

4. If the Commonwealth does not call all its witnesses or produce all its evidence at the preliminary hearing, defendant may call them and interrogate them, Pa. R. Crim. P. 141(c); Commonwealth v. Mullen, 333 A.2d 755.

5. Certiorari in summary criminal cases has been abolished: Pa. R. Crim. P. 67(f). See Commonwealth v. Banovich, 26 Somerset 268 (1970), discussing review by certiorari of the record of the justice of the peace in civil and criminal cases.

Somerset 192 (1972); Colten v. Kentucky, 407 U.S. 104, 92 S. Ct. 1953, 32 L. Ed. 2d 584, 593 (1972).

## ORDER

Now, May 16, 1975, the motion to quash the indictment is denied.