483 A.2d 961

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Kenneth B. GOBLE.**

Superior Court of Pennsylvania.

Argued Aug. 2, 1984.

Filed Nov. 2, 1984.

William M. Kern, District Attorney, Clarion, for Commonwealth, appellant.

Ralph L.S. Montana, Clarion, for appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

This is an appeal by the Commonwealth from an Order quashing informations charging appellee with, *inter alia,* Homicide by Vehicle, 75 P.S. § 3732 (1977), and Driving under the Influence, 75 P.S. § 3731(a)(1)(3) (1977).

■ The two charges which are relevant to this appeal read as follows:

COUNT 1: HOMICIDE BY VEHICLE: At the aforesaid time and place, the Actor, while driving a motor vehicle, did unintentionally cause the death of Jeffrey Alan Spangler while engaged in the violation of any law of the Commonwealth applying to the operation or use of a vehicle, to wit: Actor drove a 1982 Chevrolet Caprice Classic station wagon westbound on U.S. 322 into a curve to the left at a speed greater that was reasonable and prudent under the conditions and failed to negotiate said curve in violation of Vehicle Code Section 75 P.S. 3361 *and/or* Actor did drive the aforementioned vehicle in a careless manner with disregard for the safety of persons or property in that Actor attempted to negotiate said curve and having failed to negotiate the curve failed and neglected to maintain control of his vehicle and failed to bring his vehicle to a safe stop in violation of Section 75 P.S. 3714 (Reckless Driving), in violation of Section 3732 of the Pennsylvania Vehicle Code of 1976, as amended, 75 P.S. 3732, (emphasis added)

COUNT 2: DRIVING UNDER THE INFLUENCE OF ALCOHOL OR CONTROLLED SUBSTANCE: At the

aforesaid time and place, the Actor did drive the aforementioned vehicle while under the influence of alcohol *or* a controlled substance *or* a combination of both to a degree which rendered him incapable of safe driving, to wit: the Actor's ability to drive was impaired to a degree that he was unable to negotiate a curve and having failed to negotiate the curve was unable to react in time to bring the vehicle to a safe stop, in violation of Section 3731(a)(1)(3) of the Pennsylvania Vehicle Code of 1976, as amended, 75 P.S. 3731(a)(1)(3), (emphasis added)

The trial court quashed the informations for lack of specificity solely because of the use of the disjunctive "or", rather than the conjunctive "and", in the wording of the charges.

We find that the informations more than adequately advised the appellee of the charges against him. Therefore, we reverse the order of the trial court and reinstate the informations.

In so concluding, we adopt the reasoning of this Court in *Commonwealth v. Schuler*, 157 Pa.Super. 442, 43 A.2d 646 (1945):

"We shall resist the temptation to indulge in a profitless exercise in ancient and sterile dialectics. The difference between disjunctive and conjunctive pleading is mostly the difference between tweedledum and tweedledee, and modern jurisprudence, which appraises substance and not form as its essence, accords to such useless learning only a nodding acquaintance. What earthly difference is there between "or" and "and" in a count when the end result is that defendant in both instances must be prepared to meet both or all charges?" *Id.*, 157 Pa.Superior Ct. at 443–444, 43 A.2d at 646.

■ As the court in *Schuler* noted, if a defendant is confused by a disjunctive, or even a conjunctive, pleading he may request clarification in a Bill of Particulars.

Order reversed and the informations are reinstated. Case remanded for trial. Jurisdiction relinquished.