## CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

    v.

Robert Eugene Mitchell

November 25, 1987

Case No. CR87-1283

By JUDGE CLIFFORD R. WECKSTEIN

The defendant stands charged on a warrant that alleges he "did unlawfully in violation of Section 18.2-266 Code of Virginia: drive or operate a motor vehicle in the City of Roanoke, Virginia, while having a blood alcohol concentration of 0.10 percent or more by weight by volume as indicated by a chemical test administered in accordance with the provisions of § 18.2-268, or while under the influence of alcohol, or while under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature."

By written motion, the defendant has asked the Court "to enter an Order requiring the Commonwealth to elect the subsection of § 18.2-266. . . under which it intends to prosecute the Defendant." In this motion the defendant asserts that § 18.2-266 "delineates three separate offenses." Being of the opinion that § 18.2-266 charges only one offense, which may be proven in three alternative ways, I will deny the motion to require election.

The defendant's motion necessarily depends upon his assertion that § 18.2-266 charges three separate offenses, i.e., (i) driving with a blood alcohol content of .10 or more; (ii) driving under the influence of alcohol; or (iii) driving under the influence of drugs. However, all of the authorities to which my attention has been

directed are contrary to the position the defendant espouses. For example, in *State v. Shuping*, 312 N.C. 421, 323 S.E.2d 350, 352 (1984), the North Carolina Supreme Court explained that that state's 1983 "Impaired Driving" statute:

> created one substantive offense (DWI) but provided two methods of proving the offense: (1) that the State prove actual driver impairment; or (2) that the State prove only that the defendant operated a vehicle on a public highway or public vehicular area with an alcohol concentration of 0.10 or more at any relevant time after the driving.

Similarly, in *Commonwealth v. Bishop*, 182 Pa. Super. 151, 126 A.2d 533, 535 (1956), the Court interpreted a statute which prohibited the operation of a motor vehicle "while under the influence of intoxicating liquor, or any narcotic drug or habit producing drug." *"Here,"* the Court said:

> *the legislature has not defined three separate crimes; it has denounced one act committed as a result of three different though similar activating conditions.* The Act does not define three separate and distinct offenses. . . . *Only one crime is proscribed.* . . . The gravamen of the offense, the act which the law denounces, is the result, the influence produced by the substances, and the operation of a motor vehicle under that influence. (Emphasis in original. Citations omitted.)

Following and relying upon *Bishop*, the Nebraska Supreme Court, in *State v. Weidner*, 192 Neb. 161, 219 N.W.2d 742, 745 (1974), held that a statute which prohibited the operation of a motor vehicle "while under the influence of alcoholic liquor or any drug or while having ten-hundredths of one per cent by weight of alcohol in the blood" charged only one offense. "By specifying the amount of alcohol in percentages of weight of body fluid, the Legislature simply described in an additional way the same unlawful

act--driving under an unnatural influence," the court held.

The Attorney General of Virginia reached a nearly identical conclusion in interpreting the current Virginia statute. In the Attorney General's opinion, "Section 18.2-266 is aimed at eliminating from our highways the dangers posed by drivers impaired by alcohol, drugs or other intoxicants." The three proscriptions under Section 18.2-266, the Attorney General opined, attempt to prevent a single act, "driving while under the influence of an intoxicant." *Report of the Attorney General*, 1984-1985, 197, 198.

Attorney General Terry, in reaching her opinion, relied in part on *State v. Franco*, 96 Wash. 2d 816, 639 P.2d 1320 (1982). In *Franco*, as the Attorney General noted, the Washington Supreme Court:

> placed significant weight on "the fact that the subsections describing the manner of committing the crime we joined in the disjunctive by 'or'." *Id*. at 1323. In the Virginia statute, all three proscriptions, state in the disjunctive, are aimed at driving while intoxicated. They merely establish different actions that a driver might take to commit the unlawful act of driving while intoxicated.

*Report of the Attorney General, supra* at 198. *Accord, Layman v. State*, 455 So. 2d 607, 608 (Fla. App. 1984) (statute "describes but one offense which can be committed by either or both of two methods, i.e., the driving. . . of a vehicle. . . by a person (a) who is under the influence of alcoholic beverages, chemical substances or control substances. . . or (b) with a blood alcohol level of 0.10 percent or above. . . ."); *State v. Bratthayer*, 354 N.W.2d 744, 776 (Iowa 1984) ("the statute defines a single offense committable in alternative ways rather than multiple offenses.")

Finally, it is worthy of note that the drafters of the 1987 supplement to Virginia's Model Jury Instructions treated the subsections of § 18.2-266 as alternative methods of proving one of the elements of a single offense (the other element being "driving" or "operating"). *Model*

274

*Jury Instructions, Criminal*, Instruction No. 22.100, p. I-295, and "Caveat," p. I-296. *Cf. State v. Coulombe*, 470 A.2d 1179, 1181-82 (Vt. 1983).

Therefore, as noted, I deny the motion to require election because the necessary predicate to the defendant's motion is contrary to the decided authority and the opinion of this Court.