UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Chafin
Argued at Chesapeake, Virginia


CHRISTIAN EUGENE ROBBINS

MEMORANDUM OPINION[*] BY
v.        Record No. 0482-13-1            JUDGE TERESA M. CHAFIN
MAY 13, 2014

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Bonwill Shockley, Judge

Douglas Fredericks for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Mark R. Herring, Attorney General, on brief), for appellee.


Christian Eugene Robbins ("Robbins") was convicted by the Circuit Court of the City of

Virginia Beach ("circuit court") of driving under the influence of alcohol, second offense, in

violation of Code §§ 18.2-266 and 18.2-270.[1]  On appeal, Robbins argues that the warrant

charging him with that offense was invalid and unlawful.  Specifically, he contends that the

circuit court erred in holding that Code § 18.2-266 only defines a single offense, and in failing to

dismiss the warrant because it (1) improperly charged several offenses in the disjunctive rather

than the conjunctive, (2) failed to advise him of the "nature and cause of the accusation" or

"particularly describe his offense," and (3) was not supported by probable cause.  For the reasons

that follow, we hold that the circuit court correctly held that Code § 18.2-266 only defines one

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Robbins was also convicted of refusing to take a breath or blood test in violation of
Code § 18.2-268.3, but that conviction is not the subject of this appeal.

offense and that the warrant was sufficient to support Robbins's conviction. Accordingly, we affirm the circuit court's decision.

## I. BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). So viewed, the evidence establishes that Robbins was involved in an automobile accident in the City of Virginia Beach on the morning of July 31, 2011. The accident occurred shortly after Robbins left a restaurant where he ate brunch and drank mimosas with a friend. Robbins "rear-ended" another vehicle in a turn lane between two traffic lights. Although Robbins had a passenger, he does not dispute that he was driving at the time of the accident.

Virginia Beach Police Officer Aaron Dove ("Dove") was dispatched to the accident scene. When he spoke to Robbins, he noticed that Robbins smelled like alcohol and that his speech was slurred. Robbins was "swaying" while he attempted to stand still, and had to be seated on the curb during most of their conversation. Virginia Beach Police Officer Patrick Kane ("Kane") arrived at the scene of the accident soon after Dove. Kane also noticed that Robbins smelled like alcohol, slurred his speech, and was having trouble standing still. Additionally, he noticed that Robbins looked tired and that his eyes were bloodshot and glassy. Robbins told Kane that he "drank a lot at the bar" on the night before the accident and that he drank two mixed drinks earlier that morning.

Although Robbins told Kane that he felt pain in his left foot and leg, he declined medical treatment at the scene of the accident.[2] Robbins told Kane that he had no physical impairment or

---

[2] After the accident, Robbins was diagnosed with a fractured foot.

injury resulting from the accident that would prevent him from performing field sobriety tests. Kane then administered several field sobriety tests which Robbins failed. Kane also offered Robbins a preliminary breath test, but Robbins did not blow into the test instrument long enough for it to read his blood-alcohol content. Following the preliminary breath test, Kane arrested Robbins for driving under the influence.[3]

Kane took Robbins before a magistrate, who issued an arrest warrant charging Robbins with violations of Code §§ 18.2-266 and 18.2-270. The warrant specifically charged Robbins with:

> [d]riv[ing] or operat[ing] a motor vehicle while having a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath; *or* while under the influence of alcohol; *or* while under the influence of a narcotic drug or other self-administered intoxicant or drug, or a combination of drugs, to a degree which impaired the accused's ability to drive or operate a motor vehicle safely; *or* while under the combined influence of alcohol and a drug or drugs to a degree which impaired the accused's ability to drive or operate a motor vehicle safely. The accused committed this offense within less than five years after having committed one prior violation of § 18.2-266 or an offense set forth in subsection E of § 18.2-270.

(Emphasis added). This warrant tracked the statutory language of Code § 18.2-266. Code § 18.2-266 provides that:

> It shall be unlawful for any person to drive or operate any motor vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article, (ii) while such person is under the influence of alcohol, (iii) while such person is under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature, or any combination of such drugs, to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely, (iv) while such person is under the combined influence of alcohol

---

[3] Robbins's refusal conviction was based on his repeated failure to provide an adequate breath sample following his arrest.

and any drug or drugs to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely, or (v) while such person has a blood concentration of any of the following substances at a level that is equal to or greater than: (a) 0.02 milligrams of cocaine per liter of blood, (b) 0.1 milligrams of methamphetamine per liter of blood, (c) 0.01 milligrams of phencyclidine per liter of blood, or (d) 0.1 milligrams of 3,4-methylenedioxymethamphetamine per liter of blood. A charge alleging a violation of this section shall support a conviction under clauses (i), (ii), (iii), (iv), or (v).

The Virginia Beach General District Court convicted Robbins of the offense charged in the warrant, and Robbins appealed the conviction to the circuit court. Prior to the circuit court trial, Robbins filed motions challenging the warrant on various state and federal constitutional grounds. As both proceedings required similar evidence, the circuit court combined argument on Robbins's motions to dismiss the warrant with his trial. After hearing the evidence presented and argument from counsel, the circuit court denied Robbins's motions to dismiss the warrant, finding that the warrant provided adequate notice of the charge against him.

While the circuit court concluded that the evidence was sufficient to prove Robbins's guilt beyond a reasonable doubt, it deferred entry of a final judgment in the case due to a pending appeal addressing the same legal issues. Robbins had previously made the same arguments challenging the validity of a warrant charging him with his first driving under the influence offense, and appealed his conviction of that offense to this Court. At the time of the trial, his petition for appeal had been denied by one judge of this Court, see Robbins v. Commonwealth, Record No. 2480-11-1 (Aug. 30, 2012), but Robbins was awaiting a hearing by a three-judge panel. Robbins conceded that the issues presented in his second driving under the influence case were addressed in his pending appeal, and the circuit court deferred entry of a final order until the appeal was resolved. When the three-judge panel denied Robbins's petition, see Robbins v. Commonwealth, Record No. 2480-11-1 (Dec. 13, 2012), the circuit court entered a final order

convicting him of the charged offense. Robbins moved to set aside the circuit court's decision, the circuit court denied this motion, and Robbins appealed his conviction to this Court.

## II. ANALYSIS

On appeal, Robbins contends that the warrant charging him with driving under the influence violates various provisions of both the state and federal constitutions. He argues that the warrant violates Article 1, § 10 of the Constitution of Virginia and the Fourth Amendment to the United States Constitution because it was issued without probable cause. Additionally, he argues that the warrant violates Article I, §§ 8 and 10 of the Constitution of Virginia and the Sixth Amendment to the United States Constitution because it does not advise him of the "nature and cause" of the accusations against him or "particularly describe" his offense. Robbins also asserts that the warrant is invalid because it charges multiple offenses in the disjunctive rather than the conjunctive form. Each of Robbins's challenges to the warrant turn on whether Code § 18.2-266 defines a single offense or multiple offenses. After reviewing the authority on this issue, we hold that Code § 18.2-266 only defines one offense. In light of this decision, Robbins's challenges to the validity of the warrant charging him with this offense are without merit.[4]

---

[4] The Commonwealth argues that we are procedurally barred from addressing the merits of Robbins's appeal due to the doctrine of res judicata and his inconsistent positions at trial and on appeal. The Commonwealth bases these arguments on the Court's decision in Robbins v. Commonwealth, Record No. 2480-11-1 (Aug. 30, 2012), and Robbins's representations concerning the effect of that case on his trial for this offense. Although Robbins involved the same issues, both of the Commonwealth's arguments are without merit. The doctrine of res judicata does not apply because Robbins and the present case are not the same cause of action. See Rule 1:6; Rhoten v. Commonwealth, 286 Va. 262, 270, 750 S.E.2d 110, 114 (2013). Further, Robbins never took the position that he or the circuit court would be bound by this Court's decision in Robbins.

Although we find that the principles of res judicata and the rule prohibiting approbating and reprobating do not apply under the circumstances of this case, we note that Robbins raised nearly identical issues concerning a warrant charging him with driving under the influence in the appeal of his first driving under the influence conviction. In Robbins, we held that the warrant "charged appellant with one crime, driving under the influence (DUI), and gave him notice of the

We review constitutional issues and questions of statutory interpretation *de novo* on appeal. See Osman v. Osman, 285 Va. 384, 389, 737 S.E.2d 876, 878 (2013); Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005). "While penal statutes must be strictly construed against the Commonwealth, 'the plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results.'" Newton v. Commonwealth, 21 Va. App. 86, 89, 462 S.E.2d 117, 119 (1995) (quoting Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)). "Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007). While we are bound to review *de novo* the ultimate questions of law raised by the case, we "review findings of historical fact only for clear error[5] and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. 690, 699 (1996) (footnote added).

Robbins argues that each subsection of Code § 18.2-266 constitutes a separate offense. Under Robbins's theory, an individual charged by a warrant asserting multiple subsections of Code § 18.2-266 could be convicted of multiple offenses based on one underlying act of driving under the influence. An individual driving under the influence of alcohol and drugs, for example, could be convicted of separate offenses for driving under the influence of alcohol,

---

charged offense." Robbins v. Commonwealth, Record No. 2480-11-1 (Aug. 30, 2012). The decision made by the previous panel of this Court is compelling. When the issues raised and addressed in the decision are the same, the defendant is the same, and the applicable facts are similar, we find the prior decision highly persuasive.

[5] "In Virginia, questions of fact are binding on appeal unless 'plainly wrong.'" McGee v. Commonwealth, 25 Va. App. 193, 198 n.1, 487 S.E.2d 259, 261 n.1 (1997) (en banc) (citations omitted).

driving under the influence of drugs, and possibly even driving with the proscribed levels of those substances in their blood system if the warrant charging the offense referenced each of the applicable subsections of Code § 18.2-266. Robbins contends that the warrant charging him with driving under the influence in this case actually charged him with four separate offenses by referencing four subsections of Code § 18.2-266. Thus, Robbins argues that he could have been convicted of four driving under the influence offenses.

We disagree with Robbins's argument. In our view, Code § 18.2-266 defines a single offense, commonly referred to as driving under the influence, and its subsections merely set forth the means by which the offense of driving under the influence may be proved. The last clause of Code § 18.2-266 supports this conclusion. That clause provides that: "[a] charge alleging a violation of this section shall support a conviction under clauses (i), (ii), (iii), (iv), or (v)." Code § 18.2-266. Thus, the statute envisions one charge that may be supported by one of five alternative methods of proof. Other courts from different jurisdictions have reached this same conclusion concerning Code § 18.2-266 and similar statutes. See United States v. Smith, 965 F. Supp. 756, 762 (E.D. Va. 1997) (holding that "Virginia caselaw provides that Va. Code § 18.2-266 defines a single offense and the subsections merely set forth methods of proof," and noting that the district court was satisfied that this rationale was correct); Layman v. State, 455 So. 2d 607, 608 (Fla. Dist. Ct. App. 1984) (driving under the influence statute "describes but one offense which can be committed by either or both of two methods"); State v. Bratthauer, 354 N.W.2d 774, 776 (Iowa 1984) (driving under the influence statute "defines a single offense committable in alternative ways rather than multiple offenses); State v. Shuping, 323 S.E.2d 350, 352 (N.C. 1984) (driving under the influence statute "created one substantive offense (DWI) but provided two methods of proving the offense"); Commonwealth v. Bishop, 126 A.2d 533, 535 (Pa. Super. Ct. 1956) (driving under the influence statute "'has not defined three separate crimes;

it has denounced one act committed as a result of three different though similar activating conditions'" (quoting Commonwealth v. Schuler, 43 A.2d 646, 647 (Pa. Super. Ct. 1945))); State v. Franco, 639 P.2d 1320, 1321 (Wash. 1982) (driving under the influence statute "sets out alternative methods of committing one crime").[6]

Robbins's remaining challenges to the validity of the warrant are based on the assumption that Code § 18.2-266 defines multiple offenses. In his brief on appeal, Robbins cites many cases supporting the proposition that when a charging instrument relies upon a statute worded in the disjunctive, the charging instrument must be reworded to describe the offense conjunctively. This principle was stated succinctly in Mitchell v. Commonwealth, 141 Va. 541, 551, 127 S.E. 368, 372 (1925).

> If a statute . . . makes it a crime to do this, or that, or that, mentioning several things disjunctively, the indictment may, indeed, as a general rule, embrace the whole in a single count; but it must use the conjunctive "and" where "or" occurs in the statute, else it will be defective as being uncertain.

Id. (citations and quotations omitted). Although Code § 18.2-266 is written in the disjunctive (i.e. each subsection is separated by "or" rather than "and"), as previously stated, it defines only one offense. Code § 18.2-266 criminalizes driving under the influence, and its subsections provide alternative methods of proving that the statute has been violated. Each subsection is not

---

[6] We also note that this Court has reached the same conclusion in two other unpublished opinions, Jones v. Commonwealth, No. 0893-92-3, 1994 Va. App. LEXIS 131 (Va. Ct. App. Mar. 15, 1994), and Graham v. Commonwealth, No. 2292-91-3, 1993 Va. App. LEXIS 198 (Va. Ct. App. June 22, 1993). Additionally, an Attorney General of the Commonwealth has opined that the subsections of Code § 18.2-266 "merely establish different actions that a driver might take to commit the unlawful act of driving while intoxicated," rather than separate offenses. See 1984-1985 Va. Att'y Gen. Rep. 197, 1984 Va. AG LEXIS 88, *7-9 (Aug. 1, 1984). "'The legislature is presumed to have had knowledge of the Attorney General's interpretation of the statute[ ], and its failure to make corrective amendments evinces legislative acquiescence in the Attorney General's view.'" Commonwealth v. Brown, 28 Va. App. 781, 789, 508 S.E.2d 916, 921 (1999) (quoting Deal v. Commonwealth, 224 Va. 618, 622, 299 S.E.2d 346, 348 (1983)).

a separate offense. Therefore, the warrant referencing the various subsections in this case charged Robbins with only one offense, driving under the influence. As the warrant charged Robbins with only one offense, it did not contain multiple charges to be stated in the conjunctive.

Moreover, Code § 18.2-266 unambiguously authorizes warrants that generally charge the offense of driving under the influence. The last clause of Code § 18.2-266 provides that "[a] charge alleging a violation of this section shall support a conviction under clauses (i), (ii), (iii), (iv), *or* (v)." (Emphasis added). Thus, Code § 18.2-266 does not require its individual subsections to be listed in a warrant generally charging the offense of driving under the influence. See Cutright v. Commonwealth, 43 Va. App. 593, 597, 601 S.E.2d 1, 3 (2004) ("Even if [the Commonwealth had not specifically charged appellant with violating four subsections of Code § 18.2-266,] the Commonwealth could rely on any subsection of Code § 18.2-266 in support of a charge asserting a violation of the statute generally."). As the statute expressly allows the charge to be brought generally without any reference to its subsections, it makes little difference whether "and" or "or" is used to separate its subsections when they are listed in a warrant. The Commonwealth can generally rely on any subsection of Code § 18.2-266 to prove a violation of that statute, and the inclusion of its subsections in the text of a warrant actually provides more notice of the charge to the accused than the statute requires.[7]

Robbins's constitutional argument alleging that the warrant provided insufficient notice of the charges against him fails for similar reasons.

> Under Rule 3A:4, an arrest warrant must describe the offense charged. This description must comply with Rule [3A:6(a)], which deals with the description of the charge that must be contained in an indictment. We have held under this rule that an indictment must give an accused notice of the nature and character of the

---

[7] Robbins does not challenge the constitutionality of Code § 18.2-266 on appeal. He only challenges the constitutionality of the particular warrant charging him with driving under the influence.

- 9 -

offense. Wilder v. Commonwealth, 217 Va. 145, 225 S.E.2d 411
(1976). The same, therefore, is true of warrants.

Greenwalt v. Commonwealth, 224 Va. 498, 501, 297 S.E.2d 709, 710-11 (1982). Notice ensures

that the accused "can adequately prepare to defend against his accuser." Willis v.

Commonwealth, 10 Va. App. 430, 437-38, 393 S.E.2d 405, 409 (1990).

Robbins argues that the warrant failed to sufficiently identify the charges under Code

§ 18.2-266 upon which he would be tried. Robbins argues that he could have been tried for each

individual charge defined by each subsection listed in the warrant, but that the warrant, as it was

written, did not indicate the specific charge for which he would be tried. As previously stated,

however, Code § 18.2-266 defines only one charge, driving under the influence. Although the

warrant listed four subsections of Code § 18.2-266, these subsections are only methods of

proving a violation of the statute rather than separate offenses. The warrant charging Robbins in

this case tracked the language of Code § 18.2-266. While the statute could be charged generally,

the warrant included the individual subsections of Code § 18.2-266 and thereby provided a more

complete description of the charge than the statute required. Thus, the warrant provided

adequate notice to Robbins that he was charged with driving under the influence in violation of

Code § 18.2-266.

Furthermore, the facts of this case indicate that Robbins knew the Commonwealth was

proceeding under subsection (ii) of Code § 18.2-266 in this prosecution. Subsection (ii) of Code

§ 18.2-266 addresses driving or operating a motor vehicle "while . . . under the influence of

alcohol." Although ample evidence established that Robbins was driving under the influence of

alcohol at the time of the accident, it was never suggested that Robbins was driving under the

influence of any other substance. Additionally, Robbins knew that the Commonwealth could not

proceed under subsection (i) of Code § 18.2-266 (driving or operating a motor vehicle "with a

blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more

- 10 -

per 210 liters of breath as indicated by a chemical test") because he refused to take a breath test following the accident. As he did not successfully complete a breath test, Robbins knew that his charge was not based upon his blood alcohol content. Therefore, the circumstances of this case establish that Robbins knew the Commonwealth could only proceed under subsection (ii) of Code § 18.2-266.[8]

Like his other arguments, Robbins's argument that the warrant charging him with driving under the influence lacked probable cause is based on the premise that the warrant charged multiple offenses. Robbins argues that all of the offenses charged by the warrant were not supported by probable cause. Specifically, he argues that no evidence supported the charges based on driving under the influence of drugs or with the proscribed blood alcohol content. Although no evidence was presented concerning these issues, this argument does not survive our holding that Code § 18.2-266 only defines one offense. The subsections of Code § 18.2-266 referencing driving under the influence of drugs or with the proscribed blood alcohol content are methods of proof rather than separate charges in themselves. The warrant in this case charged Robbins with driving under the influence and referenced the subsection of that statute concerning driving under the influence of alcohol, and ample evidence supports this charge. At trial, Robbins conceded that probable cause supported a charge of driving under the influence of alcohol. Following the accident, Robbins smelled of alcohol, his eyes were bloodshot and glassy, and his speech was slurred. He admitted he had been drinking alcohol both that morning and the night before the accident, and he failed several field sobriety tests. These facts provided probable cause supporting the warrant charging Robbins with driving under the influence.

---

[8] We also note that Robbins did not request a bill of particulars providing further clarification concerning his charge pursuant to Code § 16.1-69.25:1.

In conclusion, we hold that Code § 18.2-266 defines a single offense of driving under the influence and that its subsections merely set forth the means by which the offense may be proved. As Code § 18.2-266 defines a single offense and it expressly allows that a warrant may generally charge that offense, the warrant charging Robbins with driving under the influence is not invalid because it was stated in the disjunctive form. The warrant described the nature and character of the offense it charged, and put Robbins on notice that he would be tried for driving under the influence in violation of Code § 18.2-266. Additionally, the facts of the case establish that probable cause supported the warrant. Ample evidence suggested that Robbins was driving under the influence of alcohol, and Robbins conceded this issue at trial. For these reasons, we affirm the decision of the circuit court.

<u>Affirmed.</u>