# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Jeffrey Block

Case No. (Criminal) 98-305

Commonwealth of Virginia

v.

Sheila Shifflett

Case No. (Criminal) 98-404

January 13, 1999

BY JUDGE EDWARD L. HOGSHIRE

The Block and Shifflett cases have been consolidated on appeal as they both address similar issues. On appeal from decisions by the General District Court, the Defendants have moved for a bill of particulars and to dismiss based on a double jeopardy violation. Upon reviewing the submissions of the parties, the Court concludes that the motion for a bill of particulars should be granted but that the motion to dismiss should be denied.

## *Statement of Facts*

Both Defendants were charged and convicted under Va. Code § 18.2-266 for driving under the influence ("DUI"). A Charlottesville police officer stopped Defendant Block for suspicion of DUI on April 25, 1998. After administering a series of field sobriety tests, the officer placed the Defendant

under arrest. A breath sample from the Defendant revealed that he had a blood alcohol content ("BAC") of .09.

A Charlottesville police officer stopped Defendant Shifflett for suspicion of DUI on January 18, 1998. The Defendant admitted at that time that she had consumed alcohol during the evening and ultimately failed the field sobriety tests administered to her. She registered a BAC of .18.

## Questions Presented

(1) Should the Commonwealth be required to file a bill of particulars in order to give the Defendants sufficient notice of the charges being brought against them?

(2) Does the conviction of the Defendants in the General District Court without a clarification of the charges preclude a retrial in this Court based on the Double Jeopardy barrier?

## Discussion of Authorities

### A. The DUI Statute

The analysis must begin with a consideration of Va. Code § 18.2-266, which provides:

> It shall be unlawful for any person to drive or operate any motor vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article, (ii) while such person is under the influence of alcohol, (iii) while such person is under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature, or any combination of such drugs, to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely, or (iv) while such person is under the combined influence of alcohol and any drug or drugs to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely. A charge alleging a violation of this section shall support a conviction under clauses (i), (ii), (iii), or (iv).

The statute thus defines an offense and then establishes four different means through which it may be proven. In a *Report of the Attorney General,* the Attorney General concluded that "a person convicted under any one of the subparagraphs set out in § 18.2-266 cannot thereafter be retried for a violation under any of the remaining subparagraphs if the violation arises out of the same transaction." *1984-1985 Report of the Attorney General,* at 199.

The Defendants were tried under § 18.2-266. The Commonwealth did not inform them of which particular subparagraph they were alleged to have violated. The Defendants apparently attempted to require the Commonwealth to clarify this situation in the General District Court, but the Court denied the motion to require the Commonwealth to elect under which subsection of Va. Code § 18.2-266 the Defendants would be prosecuted.

## B. *Bill of Particulars*

In considering whether to grant a bill of particulars, the Court notes, as the Commonwealth concedes, that it has discretion over this matter. "Whether to require the Commonwealth to file a bill of particulars is a matter that rests within the sound discretion of the trial court." *Mickens v. Commonwealth,* 252 Va. 315, 322 (1996). The Supreme Court has observed that a bill of particulars may be mandated whenever the indictment is comprehensive enough to identify the offense charged but not specific enough to give the Defendant sufficient information to prepare his defense. *See Hagood v. Commonwealth,* 157 Va. 918, 924 (1932). Therefore, a bill of particulars may cure the problem of uncertainty. *Id.* A bill of particulars is necessary in the case before the Court in order to give the Defendants proper notice and allow them to prepare adequately for their defenses. Because the Court is exercising its discretionary power in this regard, it declines to reach any potential Due Process questions.

## C. *Double Jeopardy*

The Defendants argue that because they were convicted under § 18.2-266, then presumably they were convicted under one of the subparagraphs and acquitted under the remaining three subparagraphs. Consequently, according to the Defendants, a new trial in this Court would violate the Double Jeopardy Clause of the Fifth Amendment because the Defendants would be forced to stand trial for crimes of which they were previously acquitted.

The United States Supreme Court has described the protection afforded by the Double Jeopardy Clause as follows:

It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Schiro v. Farley*, 510 U.S. 222, 229, 114 S. Ct. 783, 789 (1994). The Double Jeopardy Clause is one of the most basic and fundamental rights afforded to criminal defendants. Its "prohibition against multiple trials is the controlling constitutional principle." *Id.* at 230, 114 S. Ct. at 789.

Therefore, the question in this case becomes whether § 18.2-266 defines a single offense or enumerates multiple offenses. If the statute accomplishes the latter, then the double jeopardy prohibition against multiple trials might bar the Commonwealth's prosecution.

The Commonwealth cites two unreported Court of Appeals' decisions which hold that § 18.2-266 constitutes only a single offense. *See Jones v. Commonwealth*, 1994 Va. App. Lexis 131 (1994); *Graham v. Commonwealth*, 1993 Va. App. Lexis 198 (1993). As the Court in *Graham* observed, "Code § 18.2-266 defines a single offense, commonly referred to as DUI, and the subsections merely set forth the means by which the offense of driving under the influence may be proved." *See also Commonwealth v. Mitchell*, 10 Va. Cir. 271 (1987) (finding that § 18.2-266 charges only one offense, which may be proved in alternative means).

The Virginia courts that have addressed the single offense issue, however, do not all agree. In *Doss v. Commonwealth*, 1995 Va. App. Lexis 425 (1995), the Court of Appeals in an unpublished opinion considered whether charging an individual under § 18.2-36.1 after he had already been convicted under § 18.2-266 constituted a double jeopardy violation. It stated:

We reject this contention because we cannot determine on the record before us that the defendant had been convicted previously of violating subdivision (ii), (iii), or (iv) of Code § 18.2-266, rather than subdivision (i). The record reflects only that he was convicted in the general district court of "unlawfully operating a motor vehicle while intoxicated," a "violation of Section 18.2-266, Code of Virginia." The record does not prove that he was convicted of violating subdivision (ii), (iii), or (iv) of Code § 18.2-266, as opposed to subdivision (i) of that section.

*Id.* Although the Court of Appeals stopped short of so holding, one circuit court has interpreted *Doss* to mean that "[t]he Court of Appeals has therefore ruled that each subsection of § 18.2-266 is a separate offense, rather than separate means to prove the same offense." *Commonwealth v. Dederer*, 38 Va. Cir. 52 at 67 (1995). In *Dederer*, the Court followed its interpretation of *Doss* while rejecting *Graham* in finding that § 18.2-266 established multiple offenses. *Id.*

The apparent tension generated by the failure of the Court of Appeals to adhere to a unified approach in interpreting § 18.2-266 has been noted by the lower courts. *See, e.g., Commonwealth v. Wright*, 36 Va. Cir. 494 (1995) (observing the confusion but declining to rule on the issue).

None of the above decisions are binding on this Court. After considering the different approaches to the issue, however, I conclude that the *Graham* and *Jones* holdings, while unpublished and lacking precedential value, are persuasive. Although the court's analysis in *Doss* is the most recent pronouncement from the Court of Appeals, it does not signal a retreat from the holdings of *Graham* and *Jones*.

Furthermore, an examination of the Virginia Code supports the conclusion in *Graham* and *Jones*. In *Dederer*, the circuit court placed great weight on the fact that § 18.2-269 singled out subsection (ii) of § 18.2-266. It relied on that as evidence that the legislature intended § 18.2-266 to define multiple offenses. I respectfully disagree. Section 18.2-269 defines presumptions from alcohol content in blood. The reason that it does not refer to any of the remaining three subsections of § 18.2-266 is that (i) is only implicated when a breathalyzer test has been utilized, and (iii) and (iv) only apply when drugs or narcotics are involved. Therefore, subsection (ii) is the only portion of the statute affected by blood alcohol testing. Finding no evidence of legislative intent to create four distinct violations in § 18.2-266, I am thus bound by the plain meaning interpretation of the provision.

Consequently, the Defendants' double jeopardy argument fails because it is based on an underlying misperception of § 18.2-266. The Court finds that § 18.2-266 defines only a single offense, which is DUI. It then provides four different means of proving that offense. Accordingly, when the Defendants were convicted below, they were convicted of DUI, rather than being convicted of violating a particular subparagraph of the statute. It follows, then, that they were not acquitted of anything because they were convicted of the only offense established by § 18.2-266. Therefore, the cases before the Court do not implicate double jeopardy concerns.

*Conclusion*

For the above-stated reasons, the Court denies the Defendants' motion to dismiss the case based on a violation of the Double Jeopardy Clause, but it grants the Defendants' motion to require the Commonwealth to provide a bill of particulars.